THE STATE OF KANSAS v. A. D. HUBBARD.

### No. 10981.

EMBEZZLEMENT — *receivers not agents within* § *88 of Crimes Act.* Receivers are not agents within the meaning of section 88 of the Crimes Act, and are not subject to prosecution under the latter part of that section, which provides, in effect, that if any agent shall neglect or refuse to deliver to his employer, on demand, any money or property which shall have come into his possession by virtue of his employment, office or trust, after deducting his lawful fees and charges, unless the same has been lost by means beyond his control, or his employers have permitted him to use the same, he shall upon conviction be punished as for embezzlement. [Johnston, J., dissenting.]

Error from Shawnee District Court. Hon. T. F. Garver, Judge *pro tem.* Opinion filed December 11, 1897. *Reversed.*

This was a prosecution for embezzlement. In the information it was alleged, in substance, that in a certain proceeding, pending in the District Court of Shawnee County, wherein E. H. Snow was plaintiff and the Hamilton Printing Company and others were defendants, A. D. Hubbard was appointed as receiver by the District Court; and that, after qualification, he took possession of the printing plant of the Hamilton Printing Company and the business and property involved in the litigation, carried on an extensive business, sold property, and collected money to the aggregate amount of forty thousand dollars, which

was to be paid out in accordance with the direction of the court; "and being in the possession of said money and property, as such agent and receiver as aforesaid, said A. D. Hubbard did then and there designedly, fraudulently, unlawfully and feloniously, and with the intent to cheat and defraud the said partnership of the Hamilton Printing Company and the Hamilton Printing Company, a corporation, their creditors and stockholders, and to convert the same to his own use, neglect and refuse to turn over and deliver to the clerk of the District Court of Shawnee County, Kansas, the sum of $7,056.78, the money which came into the possession of said A. D. Hubbard by virtue of his employment and trust as aforesaid, and remained in his possession, after deducting his reasonable and lawful fees, charges and commission for his services as such agent and receiver, as aforesaid, though an order of said District Court for the payment thereof of said $7,056.78 was duly and legally made and served on said defendant A. D. Hubbard, and demand had been duly and legally made on him, said A. D. Hubbard, for said $7,056.78, said money as aforesaid due and unaccounted for by him; that said $7,056.78, had not been lost by any means beyond the control of him, the said A. D. Hubbard, before he had an opportunity to make delivery thereof to his employers; and that his said employers did not permit him, the said A. D. Hubbard, to use said $7,056.78; and which said money, of the value of $7,056.78, lawful money of the United States of America, the precise character, kind and denomination thereof being unknown to this informant and for that reason not herein given, said A. D. Hubbard did then and there, and in the manner and by the means aforesaid, designedly, fraudulently, unlawfully and feloniously take, steal, embezzle and

convert to his own use ; contrary to the statute in such case made and provided, and against the peace and dignity of the State of Kansas.''

The defendant moved the court to quash the information for the reason that the same was insufficient to charge the defendant with the commission of a public offense, and, on the trial, objected to the introduction of evidence, for the same reason. The motion to quash and the objection to evidence were overruled, and, upon the trial, the jury found the defendant guilty as charged.

A motion in arrest of judgment and a motion for a new trial were overruled, and the defendant was sentenced to the State Penitentiary, at hard labor, for the term of three years. From that sentence he appealed to this court.

*L. C. Boyle*, Attorney General, and *A. P. Jetmore*, County Attorney, for the State.

*P. H. Forbes* and *E. G. Wilson*, for appellant.

JOHNSTON, J. The principal question presented for determination is, whether a receiver, who unlawfully appropriates money which comes into his hands as receiver or fails to account for and pay over the same upon demand, is subject to prosecution and punishment as for embezzlement. The defendant was prosecuted upon the theory that he was an agent, and under that portion of paragraph 2220 of the General Statutes of 1889 which provides :

'' If any agent shall neglect or refuse to deliver to his employer or employers, on demand, any money, bank bills, treasury notes, promissory notes, evidences of debt, or other property which may or shall have come into his possession by virtue of such employment, office or trust, after deducting his reasonable or lawful fees, charges or commissions for his services,

unless the same shall have been lost by means beyond his control, before he had opportunity to make delivery thereof to his employer or employers, or the employer or employers have permitted him to use the same, he shall upon conviction thereof be punished in the manner provided in this section for unlawfully converting such money or other property to his own use.''

Is a receiver an ''agent'' within the meaning of the quoted section? The contention of the defendant is that the relation of agency, as ordinarily understood, does not exist between a receiver and the court which appoints him or the parties for whom he acts. A majority of the court agree with this contention, and are of opinion that a receiver is not an agent within the meaning of the statute. It is held that in construing a criminal statute words must be given their ordinary meaning unless it is clear that another was intended, and that to place receivers in a class with agents requires an unusual and strained construction of the statutory language. It does not appear that receivers have ever been designated as agents in our statutes or in the decisions of the court; and, as an evidence that they were not within legislative contemplation, attention is called to the fact that, in the first part of the section, mention is made of executors, administrators, guardians, and others, vested with official functions somewhat similar to those exercised by receivers, but no mention is made of receivers. It is argued that, if the Legislature had intended to make receivers subject to the penalties of that statute, they would have been specifically enumerated with the others of the same general class. The gist of the offense prescribed by the statute is neglect or refusal of an agent ''to deliver to his employer or employers on demand any money,'' etc.; and it is said that this statute manifestly contemplates that the agent mentioned shall have an

employer. Can it be said that the court is the employer of the receiver, or that he is employed by the parties to the action wherein the receiver is appointed? The court does not pay the receiver, and is not an employer, as the term is ordinarily understood. So, it is said that the parties litigant cannot be said to have employed him, because they did not consent to his appointment and he does not act under their orders or directions. A receiver is generally regarded as an officer of the court, and subject to its orders and directions. The property or money which comes into his hands as such officer is regarded as being *in custodia legis*, to be delivered or paid over to those who may establish a right to the same. He stands in an indifferent attitude, not representing the plaintiff or the defendant, but really representing the court, and acting, under its direction, for the benefit of all the parties in interest. He has no powers other than those conferred by his appointment; and being but the hand or arm of the court itself, the conclusion is that he does not stand in the relation of agent to the court or to the parties in litigation.

The writer is unable to reach this conclusion. The term "agent" is one of wide application, and as used in the statute it seems to fairly include receivers. "Agency is the relation, created either by express or implied contract, or by law, whereby one party *sui juris*, called the principal, constituent, or employer, delegates the transaction of some lawful business, with more or less discretionary power, to another party, called the agent, attorney, proxy, or delegate, who undertakes to manage the affair and render to him an account thereof." 1 Am. & Eng. Encyc. Law (2d ed.), 937. Webster defines an agent as "one who acts for or in the place of another, by authority from him." To constitute agency in its broader sense, it is not essen-

51—58 KAN.

tial that it should be created by agreement or contract; it may arise under the law, and any one who represents another or undertakes to do something for him and on his authority is properly designated as an agent. To the mind of the writer, the term "agent" was not used in the statute in a limited sense. Instead of using restrictive language, expressions denoting the widest application are employed. For instance, the words "*any agent*" are used, and in treating of the money or property for which he must account it speaks of that which comes into his possession by virtue of "such employment, office or trust." The words last quoted certainly broaden the meaning of the term "agent," and indicate that the Legislature did not intend to confine it to agencies arising under a mere contract, but rather that it should extend to agencies possessing the trust or official character, as well.

In *The State v. Bancroft* (22 Kan. 170), it was contended that the word "agent" was used in a limited sense; and it was there held that "if the Legislature had intended to limit this provision to the agents previously enumerated, it would naturally have said 'any such agent,' and that, failing to use that or some similar term, and in fact using the comprehensive expression 'any agent,' it intended to include every agent." In *The State v. Spaulding* (24 Kan. 1), the city clerk, who was prosecuted for the embezzlement of license fees which had not been paid to the city treasurer, contended that he was not the agent of the city within the meaning of the law; and it was held that when one assumes to act as the agent of another he may not, when challenged, deny his agency, and "that one who is agent enough to receive money is agent enough to be punished for embezzling it." In another embezzlement case, against a county treasurer, it was contended that he had no employer in

the sense in which that term was used in the statute; but the court gave no ear to the contention, and held that, although he was an officer, the public might be regarded as his employer, and that he was therefore subject to prosecution for the embezzlement of the public funds. *The State v. Smith*, 13 Kan. 274, 294.

While a receiver is an officer of the court, and acts under its orders and instructions, his relation to the court and to the parties in litigation is that of agency. He represents the court and the parties, and acts for them all in the transaction of the business for which he was appointed. The defendant here was intrusted with the property and business of the state printing establishment, and as receiver he had business transactions with hundreds of persons and corporations in and out of the State. In dealing with these parties, he represented the court and those who owned an interest in the printing plant and business. They may be properly regarded as the principal or principals, and he as the agent, representing them and transacting the business under the authority and direction of the court.

In 20 American and English Encyclopedia of Law, 158, it is said that " the relation of a receiver to the court appointing him is one of agency"; and so it would appear that when the statute employs language indicating that the term "agent" is to be applied in its wider sense, it should be held to include receivers. See also *Ellis v. Little*, 27 Kan. 707. It can hardly be that the Legislature, which apparently was endeavoring to reach every one guilty of embezzlement, intended to exempt a class of persons, intrusted with property and funds, so numerous as receivers; and unless they are held liable within the provisions of this statute they cannot be punished for embezzlement.

As a majority of the court are of opinion that they are not included within the terms of the statute, it must be held that the court erred in overruling the motion to quash the information.

The judgment of the District Court will be reversed and the cause remanded, with direction to discharge the defendant.

Doster, C. J., concurring.

Johnston, J., dissenting.

ALLEN, J. (concurring specially). It is apparent that the information was framed to charge the defendant with embezzlement under the last part of paragraph 2220, which relates to agents only, and that the case was tried on the theory that he was so charged. That a receiver is not an agent having an employer to whom he is bound to account and pay over the money received, within the usual meaning of the words, seems to me reasonably clear. Whether a receiver might be charged and convicted of embezzlement under the first part of the paragraph, is a question concerning which I am unable to find a satisfactory answer. Receivers are not named, nor do they fall strictly within any class of persons mentioned in the section; yet it would seem to be, in the nature of things, the same offense for a receiver to convert to his own use trust funds in his hands, as for any person belonging to either of the classes mentioned to convert like funds in his hands.