Argued September 25, defendant disbarred October 20, 1914.

## Ex Parte COHEN.

(144 Pac. 79.)

**Courts—Federal Courts—Review of Proceedings—Effect of Transfer of Cause.**

1. A judgment of conviction of a felony by a federal District Court, affirmed by the Circuit Court of Appeals, continues in force, notwithstanding a writ of *certiorari* from the United States Supreme Court, until reversed, which is done only when errors are found in the record upon which it rests and where committed previously to its rendition.

**Attorney and Client—Disbarment of Attorney—Conviction of Felony.**

2. The effect of a conviction of felony as a ground for disbarring an attorney is not annulled by a writ of error and *supersedeas*.

[As to disbarment of attorneys for criminal acts in advance of their conviction, see note in 114 Am. St. Rep. 839.]

Original proceeding in Supreme Court.

Department 2.	Statement Per Curiam.

Max G. Cohen, who is charged in this proceeding, is a member of the bar of this state, and on October 9, 1913, there was filed in this court against him an accusation alleging that he had been convicted in the United States District Court for Oregon of the crime of subornation of perjury. The proceeding was filed against him in this court by the grievance committee of the bar association of the State of Oregon, and on the 9th day of October, 1913, this court made an order therein requiring that he appear and answer said allegation on the 4th day of November, 1913, at 10 o'clock A. M. On the 30th day of October, 1913, said Max G. Cohen, by his attorneys, Mannix & Sullivan, appeared and answered the said accusation, and on the 25th day of June, 1914, there was filed by the said grievance committee a supplemental accusation against him, setting forth that the said judgment of the United States District Court had been affirmed on the 4th day of May, 1914, in the United States Circuit Court of Appeals for the Ninth District (214 Fed. 23, 130 C. C. A. 417), by which the judgment of the said United States District Court for Oregon was made final; and the said committee asked that the matter be set for hearing. On the 27th day of July, 1914, the said Cohen answered the said supplemental accusation, alleging that he had applied to the said United States Circuit Court of Appeals for a writ of *certiorari*, which was still pending. On September 25, 1914, this matter came on for argument in this court, and was taken under advisement.

Defendant Disbarred.

*Mr. John H. McNary* and *Mr. John McCourt,* for petitioners.

*Mr. Thomas Mannix,* for defendant.

*Mr. Elton Watkins* and *Mr. John B. Cleland,* for Grievance Committee of Oregon State Bar Association.

Opinion Per Curiam.

1, 2. To be admitted to the bar of this court under our statute bears with it some honor as well as responsibility; and it is very important that the members of the said bar maintain the honor and dignity of that profession by moral conduct and honorable dealings, not only with their clients and the court, but with other citizens, this court being made the final arbiter of questions of this character. The case comes before us practically upon the one question as to whether or not we should treat the judgment of the United States District Court or of the Circuit Court of Appeals as final and as a basis upon which a judgment of disbarment should be granted. The charge is a serious one and involves a question of moral turpitude which cannot be lightly looked upon. Cohen insists before us that the decision of the Circuit Court of Appeals is not final, and therefore not sufficient upon which to base the proceeding. It is said in Thornton on Attorneys at Law, Section 856, a conviction of crime is usually considered a sufficient ground for disbarment, and that one convicted in a federal court may be disbarred in the state court; and it is held in many United States cases that a writ of error, or *certiorari,* from the United States Supreme Court does not vacate the judgment of the court below. That continues in force until

reversed, which is done only when errors are found in the record upon which it rests and where committed previously to its rendition: See *Railway Co.* v. *Twombly,* 100 U. S. 78 (25 L. Ed. 550). The effect of a conviction of felony as a ground for disbarring an attorney is not annulled by a writ of error and *supersedeas: In re Kirby* (D. C.), 84 Fed. 606; *State* v. *Hubbard,* 58 Kan. 797 (51 Pac. 290, 39 L. R. A. 860). The accusation and the matters admitted in the pleadings are sufficient to justify the disbarment, and it is determined, by this court that Max G. Cohen has been convicted of a felony involving moral turpitude.

It is therefore hereby ordered and adjudged by this court that the said Max G. Cohen be and is hereby disbarred from practice in any of the courts of this state, and that his name be stricken from the roll of attorneys of this court.     DEFENDANT DISBARRED.