178 So. 434

### Ex parte DENSON.
### 6 Div. 47.

Supreme Court of Alabama.

Nov. 4, 1937.

Rehearing Denied Jan. 27, 1938.

William Augustus Denson and William Dowdell Denson, both of Birmingham, for petitioner.

Roderick Beddow and Ben F. Ray, both of Birmingham, for respondent.

PER CURIAM.

This cause comes before this court by petition of W. A. Denson pursuant to section 6225 of the Code of Alabama, as amended by Gen.Acts 1931, p. 285, for the purpose of reviewing disbarment proceed-

ings by the Board of Commissioners of the State Bar of Alabama.

The grievance committee of the Birmingham Bar Association instituted disbarment proceedings before the Board of Commissioners charging said W. A. Denson with professional misconduct in violation of specified State Bar Rules duly promulgated and approved by this court, whose violation constitutes lawful grounds for the disbarment of an attorney at law.

The hearing before the Board of Commissioners was had upon testimony theretofore taken before a committee of said board, with additional items presented at the hearing, and upon said' hearing the Board of Commissioners found said W. A. Denson guilty as charged, and thereupon ordered and adjudged that he be disbarred and excluded from the practice of law.

The cause was duly argued and submitted in this court upon the entire record, including type written testimony taken before the committee of the board, volumes 1 to 8, and proceedings before the Board of Commissioners, volume 9, all containing 1,956 pages.

In reviewing such proceedings, this court is in the exercise of its original and inherent powers in the matter of disbarment of attorneys at law. Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671.

Upon full consideration of the entire record, without presumption in favor of the finding of Board of Commissioners, this court is fully convinced that said W. A. Denson is guilty as charged; that his course of professional misconduct renders said W. A. Denson an unfit person to further engage in the practice of law. No specific or separate finding is deemed necessary.

An order and judgment of this court will be here entered revoking the license of said W. A. Denson as an attorney at law, striking his name from the role of attorneys of this court, and disbarring and excluding him from the further practice of law in this state.

The prayer of the petition to annul and vacate the judgment of the Board of Commissioners of the State Bar is denied.

The motions filed, on the submission of the cause to quash and to dismiss the proceedings upon grounds therein set forth are, separately and severally, denied and overruled.

All the Justices concur.