83 So.2d 195

Ex parte Stockton COOKE, Jr.

Petition for Review.

8 Div. 723.

Supreme Court of Alabama.

June 16, 1955.

Rehearing Denied Nov. 3, 1955.

482.

Stockton Cooke, Jr., pro se, and Thomas C. Pettus, Moulton, for petitioner.

Harold M. Cook, Birmingham, for Board of Commissioners.

MAYFIELD, Justice.

This is the petition of Stockton Cooke, Jr., licensed and enrolled by the Supreme Court of Alabama to practice law in this State.

He here seeks to review the action of the Board of Commissioners of the State Bar which disbarred him.

The petitioner was found guilty under four charges. Charge 1 alleged a violation of Rule No. 27, Section A, of the Rules Governing the Conduct of Persons Admitted to the Practice of Law in the State of Alabama as approved by this court.

It is charged that the petitioner, while acting as attorney for a St. Paul, Minnesota, company collected and received, as attorney for that firm, the sum of $169.35 from one of its debtors on 20 September 1949. The detailed specification charges that petitioner did not remit this sum that he had collected, but acting with bad faith and with fraudulent purposes, misappropriated his client's money either by failing to pay it over promptly to his client or by appropriating to his own use all or part of the funds.

Charge 2 alleges a violation of the above said rule by the misappropriation of $25.00 belonging to the same firm and collected from the same debtor on 26 February 1949.

Charges 3 and 4 relate to the conviction of the disbarred attorney in the United States District Court for the Northern District of Alabama of the offense of embezzlement on 25 November 1941.

Charge 3 alleges a violation of Rule No. 30, Section A, of the Rules Governing the Conduct of Persons Admitted to the Prac-

tice of Law in the State of Alabama, in that the petitioner having been convicted of the said offense of embezzlement, continued to, refused, failed, neglected or omitted to promptly surrender, in the manner provided by law, his license to practice as an attorney of the State of Alabama.

Charge 4 alleges a violation of Rule No. 37(b), Section A, in that the attorney was convicted of embezzlement in the United States District Court.

The Grievance Committee of the Alabama Bar filed charges before the Board of Commissioners against petitioner on 7 July 1952. The petitioner nowhere challenges the power and authority of the Board of Commissioners to act in this proceeding. The legality of such proceedings is well-settled, and is presently the law of Alabama. Ex parte Dozier, 262 Ala. 197, 77 So.2d 903; Ex parte Grace, 244 Ala. 267, 13 So.2d 178.

Although no formal order was entered, by agreement, and with the overt consent of the petitioner, testimony was taken in Birmingham before a Commissioner on 18 January 1953. By his answer, the petitioner denied each and every charge. The Board of Commissioners of the Alabama State Bar considered the cause, and heard the arguments of the parties on 8 May 1953. On this same day, the Commissioner adopted a resolution finding the petitioner guilty of all charges and disbarred him.

Stockton Cooke, Jr., filed his petition in this court to review these proceedings on 12 June 1953. The evidence is compelling and we are satisfied that this attorney is guilty of the offenses contained in the charges. In fact, his defense was slightly more than perfunctory. He stated that he could "not remember" receiving the debtor's checks and he was positive that he did not "personally" get the money from these checks. The brief which the petitioner filed in this court, in his own defense, is less than three pages in length, and consists of a simple reassertion of his previous testimony. While it is crystal clear that the petitioner was guilty not only of professional but of criminal misconduct in the misappropriation of his client's funds in the

484

year 1949, his accountability to the Board of Commissioners on 7 July 1952 must be examined in the light of the limitation, if any, on such punitive action.

Title 7, Section 24, Code of Alabama 1940, is as follows:

"The following must be commenced within three years:

\* \* \* \* \* \*

"Proceedings in any court of this state to disbar any attorney, authorized to practice law in this state."

While it appears that a majority of the states have with considerable logic denied the power of the legislature to place a statute of limitation on proceedings to disbar attorneys; nevertheless, our recent case of Ex parte Dozier, supra, applied the statute and held it valid. By this we are bound.

The Board of Commissioners contends the limitation has no efficacy when applied to charges 3 and 4 because of the continuing nature of the offense. The Rules, approved by this court, in connection with the violation contained in charges 3 and 4 are as follows:

"No person heretofore or hereafter admitted to practice in Alabama, shall

\* \* \* \* \* \*

"30. Refuse, fail, neglect, or omit promptly to surrender in the manner provided by law his license to practice as an attorney upon his final conviction by any court of record of this State, or of the United States or of any other State, of any felony whatsoever, or any misdemeanor, which, according to the law of the forum trying the cause, involves moral turpitude. [Charge 3]

\* \* \* \* \* \*

"Any attorney who shall do or be guilty of any of the acts forbidden or prohibited by any of the foregoing rules of Section (A) hereof may be the subject of disciplinary action by public or private reprimand or by suspension from the practice of law or by exclusion and disbarment therefrom.

"An attorney must be disbarred and excluded from the practice of law for any one of the following causes:

\* \* \* \* \* \*

"(b) Upon his being convicted by any Court of record of this State or of the United States or of any other State of any crime which by the law of the forum trying the case is a felony, in either of which cases the record of his conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence." [Charge 4]

The Board of Commissioners contends that under Rule (b) the privilege of practicing law is ipso facto forfeited upon conviction and that no further act or proceeding is required to work disbarment. In State ex rel. Sanford v. Riddle, 213 Ala. 430, 432, 105 So. 259, 260, this court observed, in speaking of a statute identical in substance as Rule (b):

"The policy of the statute is plain: When an attorney has been convicted of any criminal offense within the classes specified, the *fact of conviction* renders him an undesirable member of the legal profession, and, though he may in fact be innocent of the crime for which he has been convicted, the welfare of the profession, and the preservation of the public confidence in its honor and integrity, demand the removal of the convicted attorney from his position of trust and responsibility. \* \* \*"

This policy, that the right of the individual must sometimes yield to the common good of the whole profession, is too firmly established to require review.

Yet, as we view the Rule, it is not spontaneous in its operation or self-executory. Disbarment is mandatory under the Rule only in the sense that a lighter punishment of reprimand or suspension may not be adjudged. The Rule provides that upon conviction an attorney *must be* disbarred. It does not provide that he *is thereby* disbarred. The responsibility still remains upon the Bar of this State, and the courts, to

take affirmative action of record to rid the Bar, and the rolls of this Court, of an attorney, who by his criminal conviction, has conclusively established himself as being unworthy to be a member of our noble profession. Since we conclude that the operation of the Rule is not automatic, charge 4 was barred by the statute of limitation. Similarly, we are of the opinion that charge 3 was barred by the statute. The Board of Commissioners contends that Rule 30 imposes on attorneys convicted of certain offenses, the affirmative duty of surrendering the physical license. Further, that the Rule contemplates punishment for an unreasonable delay in complying with this mandatory feature of the Rule, and because of its continuing nature, the statute of limitation has no application. In Ex parte Dozier, supra [77 So.2d 908], we disposed of a similar contention concerning a different duty in words which have some application here:

"There was no more of a continuing duty than exists in respect to the failure to discharge any other duty at a time when it was due to be discharged or to pay money. But the continuance of the duty in that regard does not stop the running of the statute of limitations from the date when it was due to have been performed."

■ While it is not customary to detail the evidence adduced against disciplined attorneys in the opinions of this Court, some knowledge of the evidence in the present case is necessary to an understanding of our decision. The evidence in support of charges 1 and 2 clearly shows that the alleged amounts were collected on the specified dates and that remittance to the client was not made at the time of collection or within a reasonable time. The petitioner made a report to a firm of attorneys in St. Paul representing his client, that the debtor had promised to make a substantial payment on April 23, 1949. This St. Paul firm of attorneys made inquiries of the petitioner relative to these accounts on July 6, 1950, March 18, 1951, October 5, 1951, and again on November 12, 1951. The last of these letters to petitioner threatened to refer the matter to the Bar Association. Petitioner made no reply to any of these communications. On 21 December 1951, this St. Paul firm of attorneys, by registered mail, demanded the amounts collected and threatened legal action in the event the petitioner failed to comply. On January 3, 1952, petitioner wired the St. Paul firm of attorneys as follows:

"Remittance being mailed to you today."

No remittance was mailed on that date.

Over six months later, on 7 July 1952, disbarment proceedings were instituted by the Grievance Committee.

Petitioner made the collection, which is the basis of charge 2, on 26 February 1949, more than three years before the Grievance Committee instituted proceedings against him. The Board of Commissioners contends that the statute of limitations has no applicability to charge 2 since the collection involved in the charge was an integral part of an entire transaction which was not completed until 21 September 1949. This contention is not valid. The misconduct charged did not occur within three years of the commencement of this proceeding. Its connection with subsequent misconduct, involving the same collection account, is without legal significance in so far as the running of the statute of limitations is concerned.

Nor do we view petitioner's promise on 3 January 1952, to remit the funds which he had collected as extending the running of the statute of limitations. It was the act of misappropriation, and not the indebtedness of the attorney to the client, that constituted the disbarrable conduct. Neither could subsequent repayment of the misappropriated funds alter or change the character of the misconduct. The misappropriation activated the running of the statute and petitioner's subsequent promises to repay did not interrupt the effective span of the statute. It is further argued, by way of analogy, that under the provisions of Code of 1940, Tit. 7, § 40, petitioner's promise tolled the statute. That statute pertains

to civil suits and is not here applicable. The instant disbarment proceeding is not a civil suit. Ex parte Montgomery, 244 Ala. 91, 12 So.2d 314.

We conclude therefore as to charge 2, the statute of limitations had run and the proceedings by the Grievance Committee as to this charge of misconduct were barred.

█ Having concluded that three of the charges that were the basis of the petitioner's disbarment were barred by the statute of limitations, we must perforce now consider the penalty that shall be imposed upon the petitioner. We are mindful that the successful application of the statute of limitations to three of the charges of misconduct against petitioner does not cleanse him of the moral taint connected with the commission of this highly unprofessional conduct. We are further mindful that petitioner's conduct strikes at the very honor and integrity of the Bar as a whole, and that the interests of the public and the legal profession alike demand severe action.

We are now brought directly to the inquiry of whether or not this court should affirm the order and judgment of the Board of Commissioners of the Alabama State Bar. After consultation and due deliberation, we are of the opinion that the Resolution of Disbarment should be affirmed subject to the petitioner's right to apply for reinstatement, at a future date, under Section C, as amended, of the Rules of the Board of Commissioners as approved by the Supreme Court of Alabama. It is so ordered.

Affirmed.

LIVINGSTON, C. J., SIMPSON and GOODWYN, JJ., concur.

On Rehearing.

█ As was pointed out on original deliverance, the defense interposed by Stockton Cooke, Jr., in this court was slightly more than perfunctory and consisted of a pro se brief of a little less than three pages. However, upon application for rehearing, Mr. Cooke employed counsel who fully and diligently briefed the cause. In order to meticulously preserve the rights of the petitioner, we suspended execution pending a determination of the application for rehearing. However, this court has said in an unbroken line of cases that matters not presented on appeal cannot be considered on application for rehearing. In our original opinion we carefully considered every matter brought to the court's attention at that time.

There is, however, one feature of the application for rehearing which the court, under its inherent power to do full justice, believes to be worthy of comment and discussion.

The ex parte affidavit of a person not a party to this proceeding is filed in this court for the first time on application for rehearing. Such affidavit is to the effect that the affiant secretly took from petitioner's desk the debtor's check which petitioner had previously collected from his client's debtor. According to the affidavit this check had previously been endorsed by the petitioner and was the basis of Charge One. The affiant states that she cashed the check, retained the money and did not tell petitioner or anyone else of her theft of the check until just prior to the filing of the affidavit, and after deliverance of the original opinion in this case. The brief on rehearing directs this court's attention to its power to make independent inquiry into the merits of a disbarment case. It is urged that, pursuant to Section B, Rule 29 of the Amended Rules Governing the Conduct of Attorneys in Alabama, heretofore approved by this court, that we should order the taking of additional testimony touching the question raised for the first time on rehearing by the aforementioned affidavit.

█ It is true that in consideration of disbarment proceedings this court possesses inherent power, as well as specific statutory authority, to take such action as is agreeable to its judgment. Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Code of Alabama 1940, Tit. 46, § 25. In

disbarment proceedings there can be no doubt that under a clear showing of extraordinary and demanding circumstances that this court has the power of independently pursuing factual questions even though raised for the first time on rehearing. In the case before us, however, even if we assume for the purposes of argument, the complete truth and accuracy of the statements contained in the ex parte affidavit, we are nevertheless of the opinion that the prior judgment of this court should not be disturbed. Even if the endorsed check which the petitioner had received had been stolen from him, it would not relieve him of the responsibility of making remittance to his client in the face of the repeated demands by his client for payment and the several promises of the respondent over a long period of time that payment of the collected money was forthcoming. Petitioner's guilt of the misconduct is clear. His duty to remit the funds which he had collected and held in trust for his client was unqualified.

We have given due consideration to whether the matter presented on rehearing justifies a modification of the order of disbarment. We have concluded that it does not for the reasons previously stated in the original opinion. This being our conclusion, the court feels that it would not be justified in resorting to the extraordinary procedure of taking additional testimony in this cause.

If the petitioner should hereafter elect to exercise his right to apply for reinstatement as a member of the Bar, the matter contained in the ex parte affidavit may be presented along with proof of his character and fitness at the time of his application for reinstatement to the Board of Bar Commissioners, as tending to mitigate the moral taint of the offense for which petitioner has suffered disciplinary action.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, and GOODWYN, JJ., concur.