230 So.2d 519

**Ex parte ALABAMA STATE BAR.**

**In the Matter of Richmond M. FLOWERS.**

**3 Div. 437.**

Supreme Court of Alabama.

Jan. 8, 1970

Rehearing Denied Feb. 5, 1970.

William H. Morrow, Jr., Montgomery, for Grievance Committee of Alabama State Bar.

Beddow, Embry & Beddow, and James M. Fullan, Jr., Birmingham, for appellee.

McCALL, Justice.

This is a disbarment proceeding, instituted originally in the supreme court against Richmond M. Flowers by a petition filed on behalf of the members of the Grievance Committee of the Alabama State Bar, by and through their attorney, for the issuance of an order directed to the respondent requiring him to show cause, if such exists, why his license as an attorney at law in this state should not be cancelled, and his name stricken from the rolls of the clerk of this court.

In the United States District Court for the Northern District of Alabama, the respondent was charged by indictment with conspiring to obstruct, delay and affect commerce by extortion in violation of Tit. 18, U.S.C.A. § 1951. His jury trial resulted in a verdict of guilty, and a judgment of guilt and conviction was entered pursuant to the verdict. The court imposed a sentence of imprisonment in the penitentiary, and a fine. The offense for which the respondent has been found guilty and convicted is a felony. Tit. 18, U.S.C.A. § 1. The respondent admits in his brief that he was adjudged guilty of a felony in the

United States District Court for the Northern District of Alabama. A certified copy of the judgment of conviction by that court appears in the record but in his answer, the respondent denies that he has been convicted. He defends on the ground that because he has appealed from the United States District Court to the United States Court of Appeals for the Fifth Circuit, there has been no conviction upon which disbarment can be had. He insists that his appeal raises substantial questions of law and fact, and is not a frivolous appeal. The respondent contends that the word "convicted" as used in this disbarment proceeding means a conviction or an adjudication of guilt, after all legal avenues of appeal have been exhausted, and that his rights as a practicing attorney at law should be preserved and maintained in statu quo pending the outcome of his appeal. He prays that the petition in this cause be dismissed.

The petitioners, in seeking the disbarment of the respondent, invoke the original jurisdiction of this court under Rule 37(b) of Section A, of the Rules Governing the Conduct of Attorneys in Alabama, 239 Ala. XXIII, XXV, the pertinent part of which provides as follows:

> "An attorney must be disbarred and excluded from the practice of law for any one of the following causes:
>
> \*       \*       \*       \*       \*       \*
>
> "(b) Upon his being convicted by any Court of record of this State or of the United States or of any other State of any crime which by the law of the forum trying the case is a felony, in either of which cases the record of his conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence."

The petitioners further seek to invoke the inherent control and jurisdiction of this court over the admissions and disbarments of attorneys at law in the State of Alabama which is a power of the court, independent of the rules in proceeding

against the respondent. Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Ex parte Dozier, 262 Ala. 197, 77 So. 2d 903; Ex parte Cooke, 263 Ala. 481, 83 So.2d 195; McCord v. State, 220 Ala. 466, 126 So. 873; In the Matter of Donald McKay, 280 Ala. 174, 191 So2d 1; Ex parte Denson, 235 Ala. 313, 178 So. 434; Ex parte Grace, 244 Ala. 267, 13 So.2d 178.

Each of these procedures may be considered by the court, but in so doing we must recognize that whether proceeding under Rule 37(b) or under the court's inherent power, or under both, this case turns on the meaning of the word conviction, because without a judgment of conviction, there is no evidence before us that the respondent committed the acts constituting the crime with which he is charged. Reduced to the basic issue, we are called on to decide the legal meaning of the word "conviction" as it is used in this disbarment proceeding.

The courts have given the word conviction many different legal meanings, depending on the situations in which it is used. Conviction has no fixed and inflexible meaning. As applied to criminal offenses, it is used in varied senses. Parker v. State Highway Department, 224 S.C. 263, 78 S.E.2d 382; 24 C.J.S. Criminal Law § 1556, (2), p. 383.

In Commonwealth v. Lockwood, 109 Mass. 323, 325, it is said:

> "The ordinary legal meaning of 'conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt; while 'judgment' or 'sentence' is the appropriate word to denote the action of the court before which the trial is had, declaring the consequences to the convict of the fact thus ascertained. \*  \*  \*"

So in this case, we must consider the use of the word "conviction" in the light

of the plain, clear language of Rule 37(b), the context in which the word is used, the purposes the rule is intended to accomplish, and the weight of authority construing its meaning in analogous situations. Again the rule provides in part as follows:

"An attorney must be disbarred and excluded from the practice of law * *.

* * * * * *

"(b) Upon his being convicted by any court of record * * * of the United States * * *."

The use of the phrase "upon his being convicted by any court" has significance, for it points out the stage in the course of a felony criminal trial when it becomes mandatory to disbar an attorney—that is when he becomes convicted. The other requirement is that the conviction must have been "in any court of record of the United States." The United States District Court for the Northern District of Alabama, a court of record, has pronounced a judgment of conviction on the defendant.

In State ex rel. Sanford v. Riddle, 213 Ala. 430, 432, 105 So. 259, 260–261, this court said, in speaking of a statute similar in substance to Rule No. 37(b), Section A:

"The policy of the statute is plain: When an attorney has been convicted of any criminal offense within the classes specified, the fact of conviction renders him an undesirable member of the legal profession, and, though he may in fact be innocent of the crime for which he has been convicted, the welfare of the profession, and the preservation of the public confidence in its honor and integrity, demand the removal of the convicted attorney from his position of trust and responsibility. * * *"

Commenting on this in the later case of Ex parte Cooke, 263 Ala. 481, 484, 83 So. 2d 195, 198, this court went further to say:

"This policy, that the right of the individual must sometimes yield to the common good of the whole profession, is too firmly established to require review."

■ There is no reference in the rule that when an appeal is taken, there must be a delay in instituting the disbarment proceeding or a stay after its institution, or that conviction means a final conviction. The federal court in United States v. Esters, 161 F.Supp. 203, said that the presumption of innocence no longer attends the defendant after conviction, and on the contrary the presumption is that the proceedings were regular, the evidence sufficient and the trial free from error. While the appeal suspends the execution of the sentence of the criminal court pending appeal, Rule 38(a) (2) Federal Rules of Criminal Procedure, Tit. 18, U.S.C.A., Tit. 15, § 372, Code of Alabama, 1940, Recompiled 1958, the matter of the conviction remains and continues to exist. In re Kirby, D.C., 84 F. 606.

The authorities are not in harmony on the question of proceeding with disbarment when there is an appeal from a criminal conviction. The weight thereof in analogous situations however holds that an appeal from the criminal conviction is no ground for delay or postponement of disbarment.

In 7 C.J.S. Attorney and Client § 21 c. p. 740, we find the following statement:

"It is held in some cases that an appeal so suspends the judgment in a criminal case that the attorney is not liable to be disbarred as for a conviction of a crime pending the determination of such appeal; but the better rule seems to be that when an attorney has been convicted of a crime it is sufficient cause for his disbarment or suspension as an attorney, notwithstanding an appeal has been taken and is pending from the conviction." See also 6 C.J. p. 587.

The case of In re Minner, 133 Kan. 789, 3 P.2d 473, 79 A.L.R. 35, supports the majority view. There an attorney was convicted of a felony and in a show cause dis-

barment proceeding, the accused admitted the conviction and sentence, but denied guilt, showing the steps being taken by him to effect his appeal. He asked a delay in the disbarment proceeding until the determination of the appeal could be had. The statute involved provided that in case of the conviction of an attorney of a felony, the clerk must transmit to the supreme court a certified copy of the record of conviction, and the supreme court must on receipt enter an order of disbarment. Upon reversal of such conviction, or pardon by the Governor, the statute provided that the supreme court had the power to vacate such order of disbarment. In considering the timeliness of the proceeding the court said:

"The urgent plea for delay or postponement of the order of disbarment until the appeal can be heard and determined is not in harmony with the terms of the statute, which itself makes specific provision, in the last sentence of the statute above quoted, for the reinstatement of the accused in case of a reversal of the conviction. This forcibly implies the legislative purpose of avoiding such delays. It was held in In re Casebier, 129 Kan. 853, 284 Pac. 611, that such plea and request under this statute were not persuasive and should not be sustained."

The respondent argues that the *Minner Case*, supra, holds that the clause in the statute giving the supreme court power to vacate the order of disbarment on reversal of a criminal conviction indicates a legislative intent to proceed with summary disbarment pending appeal, and conversely under Rule 37(b), there being an absence of such a provision, an intent to delay or postpone the disbarment proceeding until after the appeal. We find that a similar power to reinstate, though not contained in Rule 37(b), exists under Amended Rules Governing the Conduct of Attorneys in Alabama, 239 Ala. XXIII, Section C, Rules Governing Petitions for Reinstatement of Persons who have been Sus-

pended, Disbarred, or otherwise Excluded from the Practice of Law, wherein it is specifically provided in part as follows:

"Any person who has been * * * disbarred, * * * may thereafter file with the Secretary * * * a sworn petition for reinstatement addressed to the Board. * * *

"* * * Provided, that from the decision of the Board of Commissioners the petition shall be entitled to an appeal to the Supreme Court of Alabama as provided by Rule No. 28 of Section B."

We further think that specific provision in Rule 37(b) to vacate the disbarment upon reversal of the judgment of conviction would have no particular bearing on the meaning of the word conviction or the mandate in our rule to disbar upon conviction had in the United States District Court and would be unnecessary, because this power to vacate already exists in our Supreme Court under its inherent authority over the admissions and disbarments of attorneys in this state irrespective of a specific provision. Ex parte Cooke, 263 Ala. 481, 83 So.2d 195; Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671.

Further we are justified in assuming that when the supreme court approved Rule 37(b) it had in mind its inherent powers over the admissions and disbarments of attorneys and considered it unnecessary to expressly provide for that which the court knew already existed.

In In re Lindheim, 187 N.Y.S. 211, an attorney was convicted in the federal court of a conspiracy to defraud the United States, a felony, and was sentenced to serve a term in the penitentiary. The Judiciary Law of New York provided that any attorney who shall be convicted of a felony shall cease to be an attorney and upon presentation of a certified copy of the judgment of conviction, his name shall be stricken from the roll of attorneys. The answer admitted the conviction and all other matters alleged in the petition. It further alleged that an appeal from the

judgment of conviction was immediately taken by the respondent, and was being processed to a hearing and decision as rapidly as possible. In this case the court held:

"The provisions of the Judiciary Law above cited are mandatory in case of a conviction for a felony, and upon such conviction the result prescribed follows automatically, and upon presentation of the facts to the court the prescribed order must be made. If the judgment of conviction shall be reversed upon appeal, a proper application may then be made to the court for the vacation of the order now required to be entered."

A statement of law in Ex parte Cohen, 72 Or. 570, 144 P. 79, is in line with these decisions and is as follows:

"* * * The effect of a conviction of felony as a ground for disbarring an attorney is not annulled by a writ of error and supersedeas: In re Kirby (D. C.), 84 Fed. 606; State v. Hubbard, 58 Kan. 797, 51 Pac. 290, 39 L.R.A. 860. * * *"

In re Kirby (D.C.), 84 F. 606, 608 holds that the suing out of a writ of error in nowise affected the judgment of conviction against the respondent. The granting of the supersedeas simply stayed the execution of the judgment until the writ of error could be heard. The respondent was ordered disbarred.

In Barnes v. Lyons, 187 F. 881, decided by the Circuit Court of Appeals for the Ninth Circuit, a statute of Alaska provided that an attorney may be removed or suspended by the district court upon his being convicted of any felony or misdemeanor involving moral turpitude and in either case the record of his conviction is made conclusive evidence. The petitioner was convicted of the offense of mailing an obscene, lewd, and lascivious letter in violation of a federal statute. In its holding the court said:

"* * * The judgment of the court pronouncing sentence was the equivalent of a charge that he had been convicted of an offense for which he ought to be disbarred, and he was in the presence of the court at the time, and no doubt would have been heard had he so requested. But the judgment is made conclusive evidence upon which his disbarment must follow, and in reality there was no defense that petitioner could interpose to excuse his conviction. It is suggested by counsel that petitioner had a right to show that he would take an appeal, but that was no defense. Indeed, it has been held that such a judgment of conviction is sufficient to warrant suspending an attorney, though such judgment has been superseded by writ of error. In re Kirby, 10 S.D. 322, 414, 73 N.W. 92, 907, 39 L.R.A. 856, 859."

The following observation was made by the court in In re Kirby, 10 S.D. 322, 73 N.W. 92, 93 where the statute made it a ground for disbarment or suspension when an attorney had been convicted of a felony or of a misdemeanor involving moral turpitude in which case the record of conviction was conclusive evidence.

"* * * The question of guilt is not involved. Conviction is cause for disbarment or suspension. The fact of conviction is alone in issue, and the record, the legislature declares, shall be conclusive evidence of that fact. The material inquiry is simply this: Has the accused been convicted? The term 'conviction,' in its most common use, signifies the finding of the jury that the prisoner is guilty, but we think it is used in the statute under discussion as implying the judgment of a court upon a conviction or confession of guilt. Com. v. Gorham, 99 Mass. 420. Then the fact of conviction has been established in this proceeding in the manner prescribed by the statute. The existence of that fact is sufficient cause for suspension or disbarment. In a proceeding like the one at bar, under statutes substantially the same as those in this state, the supreme court of California holds that while the criminal action is pending upon appeal there is no

judgment capable of being carried into effect, that it is within the range of possibilities that the judgment may be reversed, and that 'there is not such a final conviction against the defendant as the law contemplates, to justify his removal.' People v. Treadwell (Cal.) [66 Cal. 400] 5 Pac. 686. With all due respect to that learned court, we must decline to follow its decision in this case. Its conclusion seems to be based upon the clearly-erroneous assumption that the judgment in the criminal action will be reversed, and it interpolates into the statute the word 'final.' If the court has jurisdiction to try the criminal action, the presumption is that its judgment is right and will not be reversed. Beyond this, we think that the California court fails to observe the real issue of fact involved in the proceeding before it. As heretofore suggested, the issue was not whether the defendant was guilty of the crime charged in the criminal action, but, was he convicted? That court might possibly say that the judgment was not evidence of the fact of the defendant's guilt, but it could not say it was not evidence of the fact that he had been convicted. * * *"

■ Whatever may be the meaning attributed to the word "conviction" with respect to its use in other situations different from the present one, it seems to us that the meaning applied in the cases cited herein, is not only the weight of authority, but also is the better reasoning. We therefore hold that under Rule 37(b), the jury verdict finding the defendant guilty and the judgment of conviction entered thereon by the United States District Court for the Northern District of Alabama constitutes a conviction under our court rule making it mandatory for this court to order the respondent disbarred and excluded from the practice of law. It is accordingly ordered and adjudged by the court that the license as an attorney at law in this state of the respondent Richmond M. Flowers be and the same is hereby cancelled and his name is ordered stricken from the rolls of the clerk of this court.

Petition granted.

SIMPSON, MERRILL, HARWOOD and MADDOX, JJ., concur.

COLEMAN and BLOODWORTH, JJ., dissent.

LIVINGSTON, C. J., and LAWSON, J., not sitting.

COLEMAN and BLOODWORTH, Justices (dissenting):

We must respectfully dissent from the majority opinion which holds that an attorney at law may be disbarred by this court upon proof of conviction of a felony by a court of record notwithstanding he has taken an appeal from that conviction which is presently pending.

With due deference to this opinion, we must state our view that the "conviction" referred to in Rule 37(b) of Section A, of the Rules Governing the Conduct of Attorneys in Alabama, 239 Ala. XXIII, XXV, means a "final conviction."

As the majority opinion points out, there are two views regarding the meaning of the word "conviction" in such disbarment cases. Some courts, perhaps a majority, hold as the majority opinion holds; others, as we would hold.

We think the better view is that the "conviction" must be a "final conviction" and when an appeal is pending it is not.