296 So.2d 141

**In the Matter of Thomas D. McDONALD.**

**Ex parte ALABAMA STATE BAR.**

**SC 778.**

Supreme Court of Alabama.

June 6, 1974.

William H. Morrow, Jr., Montgomery, for petitioner.

Watts, Salmon, Roberts, Manning & Noojin, Huntsville, for respondent.

JONES, Justice.

This is a "show cause" disbarment proceeding instituted in the Supreme Court of Alabama by the Grievance Committee of

the Alabama State Bar against Thomas D. McDonald, respondent.

The prayer is for the issuance of an order from this Court directing the respondent to show cause, if any exists, why he should not be disbarred and his name stricken from the rolls of this Court, pursuant to Amended Rule 37, Section A, of the Rules Governing the Conduct of Attorneys in Alabama, and pursuant to the inherent powers of this Court over admissions and disbarments of attorneys at law in this State. Amended Rule 37, in its pertinent parts, provides:

> "Any attorney must be disbarred and excluded from the practice of law for any one of the following causes:
>
> " . . .
>
> "(b) Upon his being convicted under a plea of guilty, a plea of not guilty, a plea of nolo contendere or any other plea by any Court of record of this State or of the United States or of any other State of any crime which by the law of the forum trying the case is a felony, in either of which cases the record of his conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence."

The State Bar contends that the only question to be resolved is whether or not respondent has been convicted of a felony by a court of record. Petitioner offers a copy of a March 7, 1974, Judgment and Commitment entered by the Circuit Court of Madison County of Alabama against respondent, for violation of Title 14, § 64, Code of Alabama 1940, as amended (accepting a bribe by a judicial officer), which judgment of conviction is presently pending appeal in the Alabama Court of Criminal Appeals.

■ McDonald's first argument, which attacks the validity of the judgment of conviction, raises the question of whether this Court can consider a collateral attack on the judgment from the criminal proceedings against a licensed attorney in a subsequent "show cause" disbarment proceeding.

We reject his contention and hold that where, as here, the judgment is not void on its face, no collateral attack may be made on the validity of the judgment in a "show cause" disbarment proceeding. To hold otherwise not only would pre-empt the Court of Criminal Appeals of its exclusive criminal jurisdiction, but it also would require a determination by this Court on the merits of the case in the absence of a full record of the proceedings below.

■ McDonald next contends that he should not be disbarred pending appeal of his conviction, i. e., the word "conviction" as used in Rule 37(b) means "final conviction." He concedes that this precise issue was decided by this Court adverse to his contention in Ex parte Alabama State Bar (Flowers), 285 Ala. 191, 230 So.2d 519 (1970).

In its promulgation of the Code of Professional Responsibility of the Alabama State Bar (adopted May 6, 1974, to become effective October 1, 1974, which will supercede the Amended Code of Conduct), this Court reconsidered the rule in *Flowers,* and its reconciliation of the opposing views set forth in the majority and dissenting opinions therein are expressed in Section A—SANCTIONS:

> "An attorney must be disbarred or suspended:
>
> " . . . .
>
> "(b) When his conviction has become final under a plea of guilty, a plea of not guilty, a plea of nolo contendere, or any other plea, in any court of record of this State or of the United States or of any other state for any crime which by the law of the forum trying the case is a felony (other than manslaughter) or a misdemeanor involving moral turpitude, in any of which cases the record of his

**429**

conviction or a copy thereof certified and authenticated in the manner authorized by law is conclusive evidence; provided, however, when an attorney has been convicted as herein provided, and such conviction has not become final, the Alabama State Bar may file a petition with the Supreme Court of Alabama, make a showing of good cause, and request that such attorney be disbarred or suspended immediately, irrespective of such attorney's right to appeal and have his conviction reviewed, and the Supreme Court may take such action as it deems proper."

Had the Court in promulgating the "new" Code taken either of the two positions espoused in Flowers—as to when conviction occurs for purposes of disbarment—a strong case could be made for following the "new" Code provisions. This argument is academic merely, however, since the Code of Conduct (Rule 37(b)) differs from the "new" sanctions in two aspects. First, the Rules of Conduct call for disbarment; the "new" Code calls for disbarment or *suspension*. Second, conviction as a ground for disbarment in the Code of Conduct was held to be *trial* conviction in *Flowers*; conviction in the "new" Code is *final* conviction, with a proviso allowing the Bar to petition for disbarment or suspension during the pendency of appeal.

Analysis of the present and prospective provisions reveals that to overrule *Flowers* could work an injustice which the present Rule 37(b) does not remedy but which is eliminated by the sanctions of the "new" Code. Stated otherwise, a reversal of *Flowers* would absolutely strip the Bar of its right to petition for disbarment until all appeals are exhausted; whereas, the "new" Code, which predicates disbarment on *final* conviction, additionally provides that the Bar *may* file a petition for immediate disbarment or suspension after a *trial* conviction upon a showing of good cause.

Since we cannot merely overrule *Flowers* and avoid the injustice alluded to above, and since we cannot, through the decisional process, accomplish the full objective of the "new" sanctions, we defer this effectuation to those cases arising subsequent to October 1, 1974—the effective date of the "new" Code. Accordingly we decline to overrule *Flowers*.

■ Moreover, McDonald asserts that he will not sit as judge of the General Sessions Court of Madison County nor will he engage in the practice of law pending his appeal. The substance of McDonald's position is "that [in the event of reversal of his criminal conviction] he does not wish to prejudice his future right of reinstatement, or to make it more difficult for him to exercise such right, by voluntarily surrendering his license to the Alabama State Bar." It is improbable that in the context here applicable any irreparable harm can result since it is axiomatic that his reinstatement will be both automatic and retroactive upon such reversal.

It is accordingly ordered that the license as an attorney at law of Thomas D. McDonald be and the same is hereby cancelled and his name is hereby ordered stricken from the roll of attorneys kept in the office of the Clerk of this Court.

Petition granted.

HEFLIN, C. J., and MERRILL and MADDOX, JJ., concur.

COLEMAN, HARWOOD, BLOODWORTH, McCALL, and FAULKNER, JJ., concur in result.

COLEMAN, Justice (Concurring in result):

The theory of respondent's defense set out in his brief is, in substance, that there was no evidence admitted at his trial to support a finding by the jury of the existence of one or more elements of the crime charged; that, for the lack of evidence to support a finding of guilt, the judgment of

**430**

conviction upon which the petition for disbarment is based is void as violating respondent's rights under Amendments XIV and XIII of the Constitution of the United States, and Section 32 of the Constitution of 1901; and that, because the judgment of conviction is void, there is no basis for granting the petition to disbar respondent.

In support of his theory, respondent cites Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, and other authorities.

Respondent concedes that the judgment of conviction is pending on appeal before the Court of Criminal Appeals of Alabama.

Respondent appears to recognize that his contentions present a collateral attack on the judgment of conviction, and says that a void judgment may be attacked collaterally. I concur in the holding that this court ought not to entertain a collateral attack on a judgment while an appeal from the judgment is pending, and I concur in granting the petition of the Alabama State Bar in the instant case on the authority of Ex parte Alabama State Bar, 285 Ala. 191, 230 So.2d 519.

Respondent does not contend in his brief that the case last cited is not to be followed, and, as I understand the oral argument, respondent does not contend that Ex parte Alabama State Bar, supra, should be overruled or modified. In this posture of the case, I concur in granting the instant petition of the State Bar, although my views expressed in dissent in Ex parte Alabama State Bar, supra, remain unchanged.

BLOODWORTH, J., concurs.

FAULKNER, Justice (concurring in result).

My concurrence in the result is not to be construed as in any manner disagreeing with that portion of the opinion that holds that McDonald's reinstatement will be both automatic and retroactive in the event his criminal conviction is reversed on appeal.