421 So.2d 89 (1982)
Herbert Ray EVERS
v.
MEDICAL LICENSURE COMMISSION OF ALABAMA.
81-157.
Supreme Court of Alabama.
July 23, 1982.
As Modified on Denial of Rehearing October 22, 1982.
*90 Albert W. Copeland and Dexter C. Hobbs of Copeland, Franco, Screws & Gill, and John A. Henig, Jr., Montgomery, for appellant.
George Hardesty, Jr., Sp. Asst. Atty. Gen., for appellee.
TORBERT, Chief Justice.
This case on appeal involves the statutory construction of the term "conviction" as used in Code 1975, § 34-24-360(4), which concerns the revocation or suspension of a physician's license to practice medicine.
Appellant, Dr. Herbert Ray Evers, is a licensed and practicing physician who was convicted, by a jury, under two indictments for violating Code 1975, § 20-2-70(a), of the Alabama Uniform Controlled Substances Act.[1] After Evers's convictions the Attorney General filed a complaint with the Medical Licensure Commission, asking the Commission to hold a hearing and thereafter enter an order suspending or revoking Evers's license to practice medicine in the State of Alabama.
Meanwhile, Evers filed a complaint in the Montgomery Circuit Court, seeking a declaratory judgment as to the definition of the term "conviction" and seeking a temporary injunction to keep the Commission from proceeding on the merits of the Attorney General's complaint until a ruling on the declaratory judgment action.
A preliminary injunction was granted by the circuit court and is still in effect pending this appeal. However, as to the definition of the term "conviction," the trial court ruled against appellant and issued an order defining "`conviction of a felony,' as used in § 19(4) of the Medical Licensure Commission Act, [as] a judgment of conviction entered by the trial court." Evers appeals.
The only issue in this case is whether a physician's license may be suspended or revoked when a judgment of conviction is entered by the trial court, or whether the word "conviction" means conviction followed by affirmance on appeal.
Code 1975, § 34-24-360(4), provides:
"The medical licensure commission shall have the power and duty to suspend for a specified time, to be determined in the discretion of the commission, or revoke any license to practice medicine or osteopathy in the State of Alabama whenever the licensee shall be guilty on the basis of substantial evidence of any of the following acts or offenses:
". . .
"(4) Conviction of a felony; a copy of the record of conviction, certified to by the clerk of the court entering the conviction shall, be conclusive evidence; ..."
Appellant submits that the word "conviction" as used in this statute means "final conviction" and thus that Evers's license cannot be suspended or revoked until his conviction can no longer be reversed or set aside on appeal. Appellee contends that the language "conviction of a felony; a copy of the record of conviction, certified to by the clerk of the court entering the conviction, shall be conclusive evidence" means conviction at the trial level.
We must consider the use of the word "conviction" in light of the plain, clear language *91 of the statute, the context in which the word is used, the purposes of the statute and the weight of authority construing its meaning in analogous situations. See, Ex parte Alabama State Bar, 285 Ala. 191, 193-94, 230 So.2d 519 (1970).
Looking at the statute, we find that the use of the phrase "Conviction of a felony" has significance, because it points out the stage in the course of a criminal proceeding when the Medical Licensure Commission can take action. The phrase "a copy of the record of conviction, certified to by the clerk of the court entering the conviction, shall be conclusive evidence" sets out the offer of proof which must be submitted in order to establish the grounds for action by the Commission.
In Ex parte Alabama State Bar, this Court quoted the following from Commonwealth v. Lockwood, 109 Mass. 323, 325 (1872):
"The ordinary legal meaning of `conviction,' when used to designate a particular stage of a criminal prosecution triable by a jury, is the confession of the accused in open court, or the verdict returned against him by the jury, which ascertains and publishes the fact of his guilt ...."
We hold, in accordance with Ex parte Alabama State Bar, that a jury verdict finding a defendant guilty and the judgment of conviction entered thereon constitute a "conviction" under § 34-24-360(4).
We believe the policy of the statute is plain and the legislature intended the fact of conviction to be enough to cause the Medical Licensure Commission to conduct a hearing on the revocation or suspension of a physician's license.
In making our decision we recognize appellant's concern that because the statute does not provide for automatic reinstatement upon reversal of his conviction, a physician can lose his license on conviction and, even if his conviction is later reversed on appeal, the reinstatement of his license will lie within the discretion of the Commission. However, we do not believe the legislature intended such a harsh result.
Appellee states in its brief: "We submit as a general rule that whenever a judicial order is based on a previous order, and that previous order is reversed or set aside, then the subsequent order based upon it should likewise be reversed or set aside." See ARCP 60(b)(5). We adopted this view in In Re McDonald, 292 Ala. 426, 429, 296 So.2d 141 (1974), wherein Justice Jones stated: "[I]t is axiomatic that his reinstatement will be both automatic and retroactive upon such reversal."
We believe our decision is in accordance with the intent of the legislature when it passed Code 1975, § 34-24-360(4). See McDonald's Corporation v. DeVenney, 415 So.2d 1075 (Ala.1982). The judgment of the trial court is affirmed.
AFFIRMED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.

ON REHEARING
TORBERT, Chief Justice.
While we recognize that Rule 60(b)(5) does not apply to administrative proceedings, such as the one before us, we are of the opinion that the legislature intended that the physician's license be automatically reinstated upon reversal of the conviction upon which the Commission's revocation of that license was based.
OPINION MODIFIED; REHEARING DENIED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.
NOTES
[1] Evers's convictions have been affirmed by the Alabama Court of Criminal Appeals. A petition for a writ of certiorari to the Court of Criminal Appeals has been filed with this Court.