ROBERTSON, Presiding Judge.
Following the conviction of Charles Saxon Shaw of two counts of interfering with interstate commerce by extortion in federal court, the Alabama Commissioner of Insurance (Commissioner) suspended Shaw’s insurance agent’s license after an administrative hearing. Shaw appealed the Commissioner’s decision to the Mobile County Circuit Court, which reversed the Commissioner’s action. The trial court’s order also provided that the Commissioner’s order of suspension would remain vacated pending the outcome of Shaw’s appeal in federal court.
The Commissioner appeals from the trial court’s order.
Two questions must be answered by this court on appeal. (1) Can Shaw’s felony conviction, which is currently being appealed, be introduced in an administrative proceeding evidence; and, (2) does conviction, prior to resolution of an appeal, disqualify an insurance agent from keeping his license?
Pursuant to § 27-7-5, Code 1975 (1990 Cum.Supp.), the Commissioner of Insurance is directed as follows:
“For the protection of the people of this state, the commissioner shall not issue, continue or permit to exist any agent, broker, solicitor, managing general agent or service representative license for and on behalf of any natural person except in compliance with this chapter, or as to any individual not qualified therefor as follows:
[[Image here]]
“(4) Must be of good moral character and not have been convicted of a felony nor of any crime involving moral turpitude.”
(Emphasis added.)
The statute is clear that the Commissioner is not to allow the continuance of an agent’s license if that agent has been convicted of a felony.
In the case of Cups Coal Co. v. Tennessee River Pulp & Paper Co., 519 So.2d 932 (Ala.1988), our supreme court held that:
“Although a prior criminal conviction can be used in a subsequent civil suit arising out of the same transaction as substantive ... evidence that the acts underlying the crime were committed, ... such a conviction is inadmissible as substantive evidence if an appeal of the conviction is pending....”
We recognize that, pending the outcome of an appeal in a criminal case, the conviction in criminal court cannot be introduced in civil court as proof that the acts underlying the conviction were actually committed. Cups. However, where as here, in an administrative proceeding, the introduction of the criminal conviction does not stand for proof that the acts underlying the conviction were committed, but rather simply that the conviction exists. Therefore, we find that Shaw’s conviction was properly admitted into evidence at the administrative proceeding.
The remaining issue in the case is whether an agent’s license may be suspended when a judgment of conviction is entered by the trial court, or whether “conviction” in § 27-7-5, Code 1975, refers to conviction followed by affirmance on appeal.
In interpreting what was intended by the word “conviction” in this case, we must consider the use of the word in light of the language of § 27-7-5, Code 1975, the context in which the word is used, the purposes the statute is intended to accomplish and “the weight of authority construing its meaning in analogous situations.” Evers v. Medical Licensure Comm’n. of Alabama, 421 So.2d 89, 91 (Ala.1982); Ex *114 parte Alabama State Bar, 285 Ala. 191, 230 So.2d 519 (1970).
In two situations very analogous to this one, our supreme court determined that a “jury verdict finding a defendant guilty and the judgment of conviction entered thereon constitute a ‘conviction’_” Evers, 421 So.2d at 91; Alabama State Bar, 285 Ala. 191, 230 So.2d 519. Thus, in those two cases, a lawyer and a doctor both lost their licenses in spite of the fact that they had filed appeals from their convictions.
Therefore, we hold that the judgment of conviction in federal court constitutes a conviction under § 27-7-5, Code 1975, such that the Commissioner “shall not ... continue or permit to exist” Shaw’s license. The Commissioner is charged with the protection of the citizens of the State of Alabama, and part of that duty involves removing licenses from those agents who have been convicted of felonies. § 27-7-5, Code 1975.
The judgment of the trial court is due to be reversed.
REVERSED AND REMANDED.
THIGPEN and RUSSELL, JJ., concur.