(91 South. 912)

## AMERICAN RY. EXPRESS CO. v. BARNES.
## (7 Div. 750.)

(Court of Appeals of Alabama. Nov. 15, 1921.)

**1. Appeal and error ⬉1008(1)—Extent of review where there is a demand for a special finding of facts.**

In reviewing the judgment in a case where there was a demand under Code 1907, § 5360, for a special finding of facts, the appellate court will be confined to determining whether or not, on the facts found and set forth in the special finding, the trial court rendered the proper judgment; the finding of facts being designed to take the place of the verdict of a jury.

**2. Appeal and error ⬉204(1)—No review of rulings in evidence in absence of objection or exception.**

The court will not review the matter of admission of testimony where there was no objection made or exception taken.

**3. Appeal and error ⬉242(1)—Nothing to review in absence of ruling on question objected to.**

In the absence of a ruling of the court on the question made the basis of an assignment of error, there is nothing for review.

**4. Trial ⬉76—Objection to question after answer too late.**

Objection to question comes too late after answer by witness.

**5. Trial ⬉91—Counsel not permitted to speculate on answer of witness and move to exclude.**

Counsel will not be permitted to speculate on the answer of a witness, and, if unsatisfactory to him, move to exclude the answer.

**6. Appeal and error ⬉1050(2)—Admission of immaterial evidence held not injurious.**

In an action against an express company for damages for failure to deliver carcasses of hogs in good condition, to permit a witness to testify, whether plaintiff or some employé of defendant first mentioned, that the hogs were spoiled, could not have injuriously affected defendant's case.

**7. Appeal and error ⬉1078(1)—Assignments not insisted on in brief waived.**

Assignments of error not insisted on in appellant's brief are waived.

**8. Appeal and error ⬉237(2)—Overruling of objection immaterial where answer not responsive.**

There was no error in the overruling of an objection to a question where the answer of the witness was not responsive, and no motion was made to exclude it from the jury.

**9. Appeal and error ⬉231(5)—Refusal to exclude testimony not reversible error under general objection.**

In an action against an express company for damages for failure to deliver carcasses of hogs in good condition, no reversible error appeared by reason of the refusal of the court

to exclude from the testimony of plaintiff "And they said, 'Why, you are not going to leave that rotten stuff out there are you?'" where the grounds of objection were general, the witness at the time detailing his dealings with the defendant company at its office at the point of delivery, and the word "they" referring to the parties with whom plaintiff was dealing in and about the delivery of the meat.

**10. Appeal and error ⬉837(1) — Reference must be had to entire testimony of witness in passing upon excerpts.**

In passing on excerpts from statements made by witnesses, reference must be had to the entire testimony of the witnesses.

**11. Witnesses ⬉268(1)—Question held proper on cross-examination of defendant's agents as to care of meat shipped.**

In an action against an express company for failure to deliver carcasses of hogs in good condition, it was proper to ask defendant's agent on cross-examination, "Suppose those hogs had been put in a heated car at Paryton, which was heated so hot that it was comfortable for the messenger to stay in the car in his shirt sleeves and with his sleeves rolled up; would it have been customary under those circumstances to have the freshly killed meat in that car all the way from Paryton to Birmingham instead of putting it off at Talladega, where it could lie in a cool place and then get here on the train the next day?"

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by P. I. Barnes, against the American Railway Express Company. Judgment for the plaintiff, and the defendant appeals. Affirmed.

The following are the assignments of error:

(3) The court erred in overruling appellant's objection to the question propounded to P. I. Barnes, namely: "I will ask you whether or not from your familiarity and experience in the shipment of the carcasses of hogs, that certain weather conditions as are claimed at that time, or under weather conditions no warmer than at that time the hogs were shipped from Ashland to Anniston, they should arrive free from decomposition, if not subjected to artificial heat."

(4) Overruling motion to exclude the answer of the witness.

(5) The court erred in overruling appellant's objection to the question propounded to the witness Barnes, namely: "I will ask you now whether it was you or any of the employés of the Southern Express Company connected with the delivery of that shipment who first mentioned the fact that the hogs were spoiled."

(6) Failing to exclude the answer of the witness to the above question.

(9) The court erred in overruling appellant's objection to the question propounded to the witness Thigpen: "Let us say that the car was heated sufficiently comfortable to the people in it, but not beyond that."

(10) Overruling objection to a statement made by the witness Barnes, as follows: "They

said, 'Why, you not going to leave that rotten stuff there.'"

(11) Overruling objection to the statement of the witness Barnes, namely: "Mr. Barnes, you can't leave that stuff out there." Alleged to have been the statement of a party who seemed to be in charge of the express office.

(12) Overruling motion to exclude the statement above referred to.

(13) The court erred in overruling appellant's objection to the question propounded by the plaintiff's counsel to the witness Mitchell, namely: "Suppose those hogs had been put in a heated car at Paryton which was heated so hot that it was comfortable for the messenger to stay in the car in his shirt sleeves and with his sleeves rolled up; would it have been customary under those circumstances to have the freshly killed meat in that car all the way from Paryton to Birmingham instead of putting it off at Talladega, where it could lie in a cool place and then get here on the train the next day."

Hugh Walker and Willett & Whiteside, all of Anniston, for appellant.

The court erred in the admission of evidence. 68 Ala. 412; 69 Ala. 220; 111 Ala. 453, 17 South. 934; 121 Ala. 529, 25 South. 898. The special finding of facts will not support the judgment. 9 Ala. App. 434, 62 South. 967.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

If there was error at all, it was without injury, and therefore will not work a reversal, under rule 45 (175 Ala. xxi, 61 South. ix).

SAMFORD, J. [1] In this case there was a demand, under section 5360 of the Code of 1907, for a special finding of facts. Where this is the case, in reviewing the judgment, the appellate court will be confined to determining whether or not, upon the facts found and set forth in the special finding, the trial court rendered the proper judgment; the finding of facts being designed to take the place of the verdict of a jury. Am. Cast. I. Pipe Co. v. Birmingham Tailoring Co., 16 Ala. App. 585, 80 South. 157.

While the special finding of facts in this case is perhaps fuller than necessary, the facts as found and conclusions drawn embrace every material fact necessary to sustain a judgment for the plaintiff.

[2] There was no objection made or exception taken to the testimony made the basis of the first assignment of error.

[3] The court did not rule on the question made the basis of the second assignment of error, and hence there is nothing here for us to review.

[4, 5] We are of the opinion that the evidence showed sufficient facts to qualify the witness P. I. Barnes as an expert to the extent that he might give his opinion as to whether hogs shipped from a given place to another point under certain weather conditions would spoil or arrive in good condition if not subjected to artificial heat. Besides the objection to the question came too late, as it appears from the record not to have been made until after the witness had answered. Counsel will not be permitted to speculate on the answer of a witness, and, if unsatisfactory to him, move to exclude the answer. This disposes of the third and fourth assignments of error.

[6] As to whether the plaintiff or some employé of the defendant first mentioned that the hogs were spoiled was absolutely immaterial, and an answer to a question seeking to elicit this information could not have injuriously affected the defendant's case. This applies to assignments of error 5 and 6.

[7] The seventh and eighth assignments are not insisted on in appellant's brief and are waived.

[8] The question made the basis of the ninth assignment of error seems not to have been responded to in the answer of the witness, and the reply given by the witness seems to have been satisfactory to defendant, as no motion was made to exclude it from the jury.

[9] By the tenth assignment of error the defendant takes exception to the court's refusal to exclude from the testimony of Barnes, the plaintiff, the following:

"And they said, 'Why, you are not going to leave that rotten stuff out there, are you?'"

—the grounds of objection being general.

[10] In passing upon excerpts from statements made by witnesses, reference must be had to the entire testimony of the witness. In this case the witness was detailing his dealings with the defendant company at its office at the point of delivery, and "they" could only have referred to the parties with whom he was dealing in and about the delivery of the meat, in which event the testimony was competent.

The foregoing applies to assignments 11 and 12.

[11] The question made the basis of the thirteenth assignment of error was asked on cross-examination of defendant's agent, and was within the legitimate bounds of cross-examination. The same applies to the fourteenth.

The question made the basis of the fifteenth assignment of error is unintelligible, as is also the answer to it. This may be the fault of the reporter, but we cannot pass upon it intelligently.

The other assignments of error are not insisted on in brief, and hence are waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.