13 So.2d 178

**Ex parte GRACE.**

**6 Div. 86.**

Supreme Court of Alabama.

Feb. 25, 1943.

Rehearing Denied May 13, 1943.

D. G. Ewing, of Birmingham, and M. B. Grace, of Birmingham, pro se.

Jas. W. Aird, of Birmingham, for Board of Commissioners.

GARDNER, Chief Justice.

Petitioner, a member of the Bar of the State, was suspended from the practice of law for a period of five years by the Board of Commissioners of the State Bar, and

presents this petition for a review of such order.

The law governing the power and authority of said Board and of this court in matters of this character is well settled, and the citation of some of our decisions will suffice for this purpose. Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; In re Fite, 228 Ala. 4, 152 So. 246; Ex parte Denson, 235 Ala. 313, 178 So. 434; Ex parte Messer, 228 Ala. 16, 152 So. 244; In re Stephenson, Ala.Sup., 10 So.2d 1; McCord v. State, 220 Ala. 466, 126 So. 873; Amended Rules, 239 Ala. XXIII et seq. These authorities indicate not only the inherent power of the court in matters of this character (Ex parte Thompson, supra; Ex parte Denson, supra), but also that formal and technical pleadings are not essential. McCord v. State, supra.

We may add that the charge of violation of Rule 36, section A, of the Rules duly adopted for the conduct of attorneys (239 Ala. XXV), gave to petitioner full notice of the facts upon which reliance was had as a basis for such a charge, and consideration of this charge serves all purposes here without regard to others. All relate to one basic charge of misconduct and to one state of facts, and our consideration here is based upon a violation of said Rule 36. And by the decided weight of authority, it is also well settled that the conduct justifying disbarment or disciplinary measures need not be connected with any professional employment. 5 Am. Jur. 426; 6 Corpus Juris 584; 7 Corpus Juris Secundum, Attorney and Client, § 24, p. 762; People v. Smith, 290 Ill. 241, 124 N.E. 807, 9 A.L.R. 183, and notes page 189; In re Macy, 109 Kan. 1, 196 P. 1095, 14 A.L.R. 848.

But in this case the conduct complained of did grow out of the fact petitioner was a member of the Bar, as only an attorney was eligible for the judicial office to which he aspired.

It would serve no good purpose to enter into a discussion of the facts. Since the passage of the Act of 1915, Title 13, § 66, Code of 1940, it has not been the policy of the court to enter into any discussion of evidence in detail. Harris v. Bowles, 208 Ala. 545, 94 So. 757; Caples v. Young, 206 Ala. 282, 89 So. 460.

The misconduct here involved grows out of a letter, admittedly written by petitioner, to one holding high judicial office, which letter contains a proposal highly improper, giving to it a most reasonable and charitable interpretation, which proposal, including as it did a monetary consideration (a sharing of official salary—Robertson v. Robinson, 65 Ala. 610, 39 Am.Rep. 17), was intended to redound to petitioner's benefit (securing the nomination to the office without opposition) as a prospective and privately declared candidate for the nomination to the office then held by the addressee of this letter, who had declared his candidacy for renomination.

To discuss the matter in further detail would but serve to bring into bold relief a most unfortunate incident. Suffice it to say, we conclude the undisputed evidence discloses highly reprehensible conduct justifying the action of the Board of Commissioners of the State Bar in entering a judgment of suspension.

We have considered the argument that petitioner made no effort to conceal the matter from the public, and that he in fact made use of his offer as part of his campaign literature. The insistence is that he had no unlawful motive, and was in fact unmindful of improper conduct in making such an offer. We have also considered the fact, however, that petitioner, in the original letter, indicated no one else need be apprised of the matter. "No one need be any the wiser" is a quotation from the letter, which at the same time protests the writer sees no wrong in making the offer. These are all matters proper to be weighed by way of mitigation of the wrongful conduct.

As we view it, there can be no justification for this letter containing such an offer. It cannot be too strongly condemned. And the Board of Commissioners of the State Bar were fully warranted in the order of suspension by the uncontradicted proof. But, as we observed in Ex parte Thompson, supra [228 Ala. 113, 152 So. 243, 107 A.L.R. 671], "To temper justice with mercy is but to respond to our best impulses in all the affairs of life," and fully mindful of our duty and responsibility both to petitioner and the public, after due deliberation, we are persuaded a suspension period of two years would serve all purposes, and that the order of the Board be so modified.

The judgment of suspension will be here modified so as to fix the period at two

years, and as so modified will be affirmed. It is so ordered.

Modified and affirmed.

All the Justices concur, except BOULDIN, J., not sitting.