93 So.2d 164

Ex parte Reuben L. NEWTON.

6 Div. 763.

Supreme Court of Alabama.

Oct. 4, 1956.

Rehearing Denied March 14, 1957.

Roderick Beddow, T. Julian Skinner, Birmingham, and J. O. Sentell, Jr., Montgomery, for petitioner.

Harold M. Cook, Birmingham, for Board of Commissioners.

John T. Batten, Birmingham, amicus curiae.

PER CURIAM.

This is a petition for review of the decision of the Board of Commissioners of the. Alabama State Bar. The Board made an unanimous finding that respondent was guilty of violating Rules 20 and 36 of § A of the Amended Rules Governing the Conduct of Attorneys in Alabama, and rendered a judgment suspending him from the practice of law for a period of five years. The respondent petitioned this Court to stay his suspension, pending the outcome of this review, which was granted.

The Amended Rules Governing the Conduct of Attorneys in Alabama were promulgated by the Board of Commissioners of the Alabama State Bar and approved by this Court on June 11, 1940, under authority of Title 46, § 25, Code of 1940.

The pertinent parts of these rules are as follows:

"No person heretofore or hereafter admitted to practice law in Alabama, shall

\* \* \* \* \* \*

"20. Solicit his employment or professional engagement or the employment or professional engagement of another whose partner he is, or from whose employment there is any expectation of profit or benefit, directly or indirectly, to himself.

\* \* \* \* \* \*

"36. No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law." —Amended Rules Governing the Conduct of Attorneys in Alabama, 239 Ala. XXIII.

The complaint consisted of twenty charges alleging violations of these two rules. The Board, in arriving at its decision, considered only fourteen of these twenty charges which involved four accidents in which persons were killed or injured.

In reviewing disbarment proceedings before the Board of Commissioners, this Court possesses inherent power as well as specific statutory authority to take such action as is agreeable to our judgment; and we may adopt the findings and conclusions of the Commissioners or may alter or modify them. Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Ex parte Grace, 244 Ala. 267, 13 So.2d 178; Ex parte Cooke, 263 Ala. 481, 83 So. 2d 195; Alabama Code of 1940, Title 46, § 25.

In the instant case there are only two questions presented. The first is whether there was sufficient evidence to sustain the finding and judgment of the Board of Commissioners that the petitioner was guilty of violating the two rules; and second, whether from a consideration of the whole facts and circumstances there should be any alteration or modification of the judgment. (We view it as axiomatic that if petitioner were guilty of violating rule 20, he would be guilty of violating rule 36.)

We see no good which would come from a detailed discussion of the evidence, nor would any useful purpose be thereby served. Petitioner, on a proper showing at

the end of the interdictory period, might be privileged to re-enter the profession (Section C, Amended Rules), so out of deference to his status we have exercised our prerogative and refrained from setting out the evidence in extenso. Title 13, § 66, Code of 1940; Ex parte Grace, supra (5).

Only adverting to the evidence generally, solicitation of his professional employment and conduct unbecoming an attorney on the part of respondent were sought to be shown by the evidence in relation to the following accidents: (1) The drowning of Malcolm and Katherine Welch in the capsizing of a boat on the Warrior River on May 1, 1952 (Charges 1, 2, 19 and 20); (2) A motor vehicle accident near Hull, Alabama, on November 10, 1951, in which Lester Banks and Willie E. Kilgore were injured (Charges 3, 4, 5 and 6); (3) An automobile accident in which Ray Miller was injured on Alabama Highway 69 on April 13, 1951 (Charges 7 and 8); (4) The wreck on Highway 78 in Walker County, Alabama, on March 17, 1953, in which Mr. and Mrs. W. L. Minga were killed and Monroe Rhodes and Lelia Rhodes were injured (Charges 9, 10, 11 and 12).

██ It is sufficient to say that after a careful and considerate study, we conclude that even though the veracity of some of the witnesses for the prosecution was severely impeached, there was substantial legal evidence introduced to sustain some of the charges, thereby warranting the decision of the Board convicting the petitioner.

██ The excellent briefs of counsel have been able and exhaustive and have aided the Court greatly in arriving at a proper solution of the case. The amicus curiae brief poses the constitutional question that the statute under which authority petitioner was tried is void because it deprived him of a right to trial by jury.

The same contention was advanced in Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671, Ex parte Walker, 228 Ala. 130, 152 So. 246, Ex parte Fite, 228 Ala. 4(7), 152 So. 246, and decided adversely to the petitioners in those cases. Upon a restudy of the question we have concluded the former holdings to be sound and that the question must now be regarded as set at rest.

██ There can, of course, be no justification for ambulance chasing. It cannot be too strongly condemned. But as we observed in the Thompson and Grace cases, supra, "To temper justice with mercy is but to respond to our best impulses in all the affairs of life." [228 Ala. 113, 152 So. 243] After evaluating the evidence proffered by the prosecution, some of which was far from credible, and fully mindful of our duty and responsibility both to petitioner and the public, after due deliberation we are persuaded that a suspension period of two years would serve all purposes and that the order of the Board to that extent be modified and as modified will be affirmed. See Thompson, Walker, Fite and Grace cases where sentences were reduced—Order of suspension to begin when the final judgment in the case shall have been entered in this Court.

Modified and affirmed.

All Justices concur.