247 So.2d 350

**In the Matter of J. D. CARROLL, Jr.**
**In re J. D. Carroll, Jr.**

**8 Div. 403.**

Supreme Court of Alabama.

April 8, 1971.

Rehearing Denied May 6, 1971.

Rogers, Howard, Redden & Mills, Birmingham, for petitioner.

William H. Morrow, Jr., Montgomery, for The Alabama State Bar.

McCALL, Justice.

This is a review of a disciplinary proceeding on a petition, filed in this court by the accused attorney, hereafter called the defendant. Such is provided for under Rule 28 of Section B of the Amended Rules Governing the Conduct of Attorneys in Alabama. These rules are found in 239 Ala. XXIII et seq. as amended in 272 Ala. XXI, XXII. The charges were preferred in a written complaint filed by the Grievance Committee of the State Bar.

Initially, the complaint contained four charges. These are to the effect that the defendant, a duly licensed and practicing attorney in Huntsville, Alabama, did, from October 24, 1961, to the date of the filing of the complaint, which was on May 20, 1964, while serving as referring or forwarding attorney for the complainant, in association with other attorneys, submit in the Inferior Court of Geneva County, Alabama, seventy-four divorce cases, wherein the bill of complaint represented to the court that either the complainant or the respondent was a bona fide resident of Alabama, when in truth and in fact, he knew or had reasonable cause to believe that neither party was a bona fide resident of this State.

Charges 1 and 3 of this group allege in substance that the defendant's conduct in this respect was in violation of amended Rule 25 of Section A, while charges 2 and 4 allege that such conduct was a violation of Rule 36 of Section A of the Rules, supra, which is as follows:

"No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law." (239 Ala. XXV).

An amendment to the complaint on December 28, 1964, added charge 5, which alleges in substance that from January 1, 1962, to the filing of the original complaint in this matter, the defendant submitted to the Inferior Court of Geneva County, Alabama, approximately sixty-seven divorce cases, and, that in an effort to conceal his identity and participation in these cases, with the exception of two of them, he did not sign the pleadings, nor require the complainant to do so and to sign an address, in willful violation of Equity Rule 115 of Alabama Equity Rules, Tit. 7, p. 1204 et seq., Code of Alabama, 1940, as amended. The charge sums up that the defendant, in doing these alleged acts, was

guilty of conduct unbecoming an attorney at law, in violation of Rule 36, Section A, supra.

Charge 6, filed January 15, 1965, relates to an alleged additional and similar type violation of Amended Rule 25 of Section A, supra, with respect to four divorce cases, submitted to the Circuit Court of Marion County, Alabama, and one case to the Superior Court of Marion County, Alabama. Charge 7, filed the same date, alleges that by doing these acts, the defendant was guilty of conduct unbecoming an attorney at law in violation of Rule 36 of Section A, supra.

On January 10, 1969, the Grievance Committee further amended the complaint by adding charges 8, 9, 10 and 11.

Charge 8 avers the defendant's alleged misconduct in suppressing or stifling the evidence or testimony of one Manfried Eschle, a witness in the pending disciplinary proceeding, in violation of Rule 12 of Section A of the Rules, supra, which provides:

"No person heretofore or hereafter admitted to practice law in Alabama, shall

\* \* \* \* \* \*

"12. Suppress or stifle any evidence or testimony."

Charge 10 alleges a similar violation of Rule 12 of Section A, supra, with respect to suppressing or stifling the evidence or testimony of one Yolande Eschle, another witness in this proceeding.

Charges 9 and 11, respectively, allege that the defendant's conduct in each separate charge, 8 and 10, was that which is unbecoming an attorney at law, in violation of Rule 36 of Section A of the Rules, supra.

The Board of Commissioners, in a final decision declared the defendant guilty under charges 1, 2, 4, 5 and 11, and not guilty under charges 3, 6, 7, 8, 9 and 10. The Board resolved that the defendant be sus-pended for one year on each of the charges 1, 2, 5 and 11, separately and severally, such period of suspension as to all such charges to run concurrently. The Board resolved and imposed no measure of discipline against the defendant under charge 4, although it found him guilty thereunder.

Charge 3 sets forth the facts constituting the defendant's alleged misconduct. These facts are characterized as a violation of Rule 25 of Section A. The same facts are adopted in charge 4, and there, they are characterized as a violation of Rule 36. The defendant was found not guilty under charge 3 and guilty under charge 4. A similar situation exists with respect to charge 10 and charge 11. Charge 10 under which the defendant was found not guilty alleges that he suppressed or stifled the testimony of Yolande Eschle in violation of Rule 12. Charge 11 adopts these same facts, but characterizes them as violating Rule 36, prohibiting conduct unbecoming an attorney. The defendant contends that the finding of guilt presents an incompatible result, and that he should not have been found guilty of violating Rule 36 in either situation.

In our opinion, where the facts, constituting the offense in two separate charges against an attorney, are alleged in the same language, and one charge characterizes these facts as a violation of Rule 25, while the other characterizes the same facts as a violation of Rule 36, a failure to prove the facts to support the first charge is likewise a failure to prove the facts to support the second charge. The same would be true with respect to charges 10 and 11. We think that a finding of not guilty in one instance, because of a lack of proof, works a similar finding in the second instance. It would be contradictory to say "you have failed to prove the allegations, which you allege violate Rule 25 and Rule 12, but you have proved the same allegations where you allege them to violate Rule 36." We view it as axiomatic that if

there is a lack of necessary proof to meet the allegations in one instance, there is also a lack on the other instance. For the reasons stated, we find the defendant not guilty under charge 4 and charge 11. In Smith v. Board of Com'rs of Alabama State Bar, 284 Ala. 420, 430–431, 225 So.2d 829, 838, we said:

"As stated in Ex parte Newton, 265 Ala. 650, 93 So.2d 164:

" 'In reviewing disbarment proceedings before the Board of Commissioners, this Court possesses inherent power as well as specific statutory authority to take such action as is agreeable to our judgment; and we may adopt the findings and conclusions of the Commissioners or may alter or modify them.' (Numerous citations omitted.)"

■ Assignment of error 6 is that the Board erred in finding the defendant guilty under charge 5. Charge 5 alleges a willful violation of Equity Rule 115 for that the defendant submitted sixty-seven divorce cases to the Inferior Court of Geneva County, Alabama, in which he did not sign the pleadings or did not require the complainant to do so and to sign an address, all in an effort to conceal his identity and participation in the stated cases. From the evidence in the record the defendant did not file any pleadings in the Inferior Court of Geneva County; nor does the evidence show that he forwarded pleadings to the attorney in Geneva with instructions to file them for his representation. One or the other of these acts, we think, is preliminary to finding an attorney in contravention of Equity Rule 115, wherein it requires the signing of pleadings by at least one of the attorneys of record in his individual name. On the contrary, each of the affidavits, offered in evidence by the Grievance Committee, recites in part that the affiant-complainant appoints the Geneva lawyer as the affiant's attorney to file the bill of complaint. In view of this, we fail to see any obligation on the defendant to sign the pleadings which he forwarded to the Geneva attorney. Therefore the absence of his signing does not satisfy us of an effort to conceal his identity and participation in the cases.

■ There was no duty under Equity Rule 115 that required the defendant to have the complainant sign her pleadings and state her address. It is only when a party is not represented by an attorney that Equity Rule 115 requires the party himself to do this. It is our opinion therefore that the Board's resolution of guilt under charge 5 should be disapproved.

Our conclusion in the premise that Equity Rule 115 did not require the defendant to sign the pleadings renders it unnecessary for us to pass on the admission in evidence, over the defendant's objection, of the sixty-seven related court files, offered in those cases. This disposes of the defendant's assignment of error 14.

■ The defendant's assignment of error 9 raises the admission in evidence, over timely objection, of the defendant's evidence, taken on March 15, 1966. Assignment 10 likewise raises the admission, over objection, of his evidence taken on March 22, 1969. The objection in both instances was that the evidence was not submitted to the witness (defendant) for signature and was not signed by him, and that the signing of this evidence by the witness was not waived by him and by the parties. As authority to support these two assignments of error, the defendant cites Tit. 7, § 474(13), Code of Alabama, 1940, as amended (Act No. 375, § 13, 1955 Legislature, approved September 8, 1955); Amended Rules Governing the Conduct of Attorneys in Alabama, Section B, 19, 22; In re Fite, 285 Ala. 666, 235 So.2d 809.

It appears to us that the evidence of the accused attorney in each instance was taken pursuant to Rules 12 through 16, Section B, of the Rules Governing the Conduct of Attorneys in Alabama before a Commissioner, designated by the President of the Board of Commissioners, in the

**34**

county wherein the defendant attorney resided. Rule 16, supra, provides in part that when the evidence is so taken down: "It shall not be necessary for the transcript of evidence to be signed by the witnesses." Since Rule 16, supra, does not require the witnesses to sign the evidence, and since this is the only matter argued as to its admissibility, we find no error in admitting it.

The subject of the defendant's assignment of error 11 is the admission in evidence of the deposition of Yolande L. Singe, over his objection that the witness had not signed her deposition and that she had not waived her signing it. The witness did not sign her deposition, however her interrogation, in the deposition, is prefaced by the following stipulation, between the parties, which is stated in writing on the record, namely:

"It is stipulated and agreed by and between the attorneys present for the respective parties that the reading and *signing of the deposition by the witness are hereby waived.*" (Emphasis supplied)

The defendant acknowledges this stipulation, but contends that the statute, Tit. 7, § 474(13), Code of Alabama, 1940, (Recompiled 1958), requires that both the parties and the witness waive the signing by the witness in order for the deposition to be in proper form without the witness' signature.

The deposition was taken under authority of Act No. 375, 1955 Acts, Vol. II, p. 901; see 1958 Recompiled Code, Tit. 7, § 474(1)–(18). Section 13 of Act No. 375 [§ 474(13)], recites:

"Section 13. *Submission to Witness; Changes; Signing.*—When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by parties. Any changes in form or substance which the witness desires to make shall be en-

tered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness, *unless the parties by stipulation waive the signing,* or the witness is ill or cannot be found or refuses to sign. If the deposition is not signed by the witness, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness, or the fact of the refusal to sign, together with a reason, if any, given therefor; and the deposition may then be used as fully as though signed, unless on a motion to suppress under subdivision (d) of subsection (c) of section 16 of this act the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part." (Emphasis supplied)

The statute states that the deposition shall be signed by the witness, unless the parties by stipulation waive the signing. The parties did by stipulation waive the signing by the witness. The language in the quoted statute does not require the witness to also waive her signing of the deposition. The statute requires the parties alone to waive the witness' signing, not the witness also. The deposition was admitted without error.

Next we consider the admissibility of Manfried R. Eschle's deposition under the defendant's assignment of error 12. The stipulation, hereinabove quoted, appears in the deposition, containing the testimony of the two witnesses, Yolande L. Singe and Manfried R. Eschle, as a preface to the former's testimony. The waiver as stated applies to "the deposition by the witness." Where the plain, clear and unambiguous language of an instrument is susceptible to a single interpretation, courts will not undertake to substitute a different meaning from that which the parties have themselves given expression to. We will not enlarge upon their words, nor dwell on conjecture and surmise as to what they might have meant or intended, but will de-

cide the issue on what the parties have said. The rules pertaining to the construction of contracts are generally applicable to the construction of stipulations. 83 C. J.S. Stipulations § 11a, p. 26. Unambiguous words in a contract will be given their ordinary meaning. Fite v. Pearson, 215 Ala. 521, 111 So. 15. Here the parties use the singular "witness." Therefore, we will apply the stipulation only to the deposition of Yolande L. Singe, and, since the parties did not waive Manfried R. Eschle's signing his deposition, we hold that it was inadmissible.

All of the charges,—1, 2, 4, 5, and 11,— under which the Board resolved the defendant guilty, except charges 1 and 2, already have been considered and disposed of by us in his favor. The two charges, 1 and 2, allege that the defendant served as a referring or forwarding attorney for the complainant in one or more of seventy-four divorce proceedings with knowledge or reasonable cause to believe that neither party to the suit, at the time of filing, was a bona fide resident of Alabama.

■ In all but one of the seventy-four cases, alluded to, we fail to find evidence in the record tending to show that the complainants were not bona fide residents of this State. The burden of proving this rested on the Grievance Committee, and such evidence not being disclosed, we must perforce disapprove of any finding of guilt as to this group of seventy-three cases. Smith v. Board of Com'rs of Alabama State Bar, 284 Ala. 420, 225 So.2d 829.

■ With respect to the testimony offered to show the defendant's guilt in the one remaining case, that of Eschle v. Eschle, we first point out that the defendant has denied the charges preferred against him and has stoutly maintained his innocence of any wrong doing throughout this entire case, claiming that he had no intention of violating the rules of this court or the laws of the State. His general reputation and that for truth and veraci-

ty in Huntsville where he lived were good. He is presumed innocent, until his guilt is established, Thornton on Attorneys at Law, § 888, p. 1309, and the burden of proving his guilt, as in civil cases, Rule 22 of Section B, is on the Grievance Committee. The Grievance Committee, having the affirmative of the issue, must sustain it by proof. Ex parte Acton, 283 Ala. 121, 214 So.2d 685; In re Fite, 285 Ala. 666, 235 So.2d 809; Smith v. Board of Com'rs of Alabama State Bar, 284 Ala. 420, 225 So. 2d 829. While this court will refrain from a detailed discussion of the evidence, Tit. 13, § 66, Code of Alabama, 1940, we would comment generally on the weight and credibility of that which the Grievance Committee argues to prove the defendant's guilt of violating Rule 25 and Rule 36, supra. The evidence tending to prove knowledge by the defendant, or reasonable cause for him to believe that neither party to the suit was, at the time of its filing, a bona fide resident of the State of Alabama, came principally from the witness, Mrs. Eschle, now Mrs. Singe. The deposition of her former husband, Manfried R. Eschle, we have ruled inadmissible. Mrs. Singe's deposition was taken some seven and a half years after the occurrence of her interview with the defendant and she could not recollect with reasonable certainty the events about which she undertook to testify to. We have carefully read the record and studied her testimony which we have considered in conference. In passing on excerpts from her statements, we have considered her entire testimony. American Ry. Express Co. v. Barnes, 18 Ala.App. 295, 91 So. 912. She repeatedly expressed doubt and uncertainty on material facts. Her recollection of her conversation with the defendant concerning her residence, or whether she ever had such a conversation is not clear. She contradicts herself on several material aspects of her testimony that might otherwise support a finding of guilt. At the close of her examination, she was asked if the papers dealing with her residency in Alabama were not explained to her by the defendant, and that she had

**36**

.to have the intention to remain (in Alabama) in order to file a divorce proceeding in Alabama. She answered in the affirmative, although she had previously negated this important issue. Her evidence leaves us in a state of doubt and uncertainty as to what actually transpired. Neither do we regard the defendant's own evidence, nor that of the witness Smith, of sufficiently specific and positive effect to add cumulative value to that of Mrs. Singe in order to show with a reasonable degree of certainty that the defendant had knowledge or reasonable cause to believe that the complainant was not domiciled in Alabama at the time the bill was filed. Smith testified as to how he operated generally in his office. He recalled the *Eschle* case, but from independent recollection, he was unable to state that the defendant had any connection with any specific case. We conclude that the Grievance Committee has not borne the burden of proof. In Ex parte Acton, 283 Ala. 121, 214 So.2d 685, we stated in the original opinion, that when the burden of proving a fact rests upon a party, and the evidence leaves the fact in a state of doubt and uncertainty, it cannot be regarded as established, citing Brandon v. Cabiness, 10 Ala. 155; Garrett v. Garrett's Adm'r, 64 Ala. 263, 266. Thornton on Attorneys at Law, Vol. 2, § 886, p. 1307, states:

"* * * The court should never disbar a lawyer on testimony of a doubtful character. * * * the proof must satisfy the court with reasonable certainty. * * *"

For the reasons stated we think the finding of guilt under charges 1 and 2 should be reversed and a judgment of not guilty, thereunder, entered. It is accordingly ordered by this court.

Reversed and rendered.

LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.

HEFLIN, C. J., not sitting.