263 So.2d 502

**In re Michael S. SHEIER**

**v.**

**BOARD OF COMMISSIONERS OF ALABAMA STATE BAR.**

**In the Matter of Michael S. Sheier.**

**6 Div. 832.**

Supreme Court of Alabama.

June 8, 1972.

McCollough, McCollough & Callahan, Birmingham, for petitioner.

William H. Morrow, Jr., Montgomery, for respondent.

PER CURIAM.

This is a review of a resolution of the Board of Commissioners of the Alabama State Bar finding petitioner guilty of Charge Two, one of four charges contained in a complaint preferred against him by the Grievance Committee of the Birmingham Bar Association. Petitioner's license to practice law was suspended for a period of three months.

Each of the charges alleged, in substance, that petitioner was employed by a client to collect an account owed the client, that petitioner collected certain sums on the account which he failed to remit to the client. Only Charges One and Two are pertinent to this case. They are, viz:

"CHARGE ONE

"(Violation of Rule 27, Section A)

"The Firestone Stores, Division of Firestone Tire and Rubber Co., located at Ensley, Birmingham, Alabama, heretofore employed the said attorney, Michael S. Sheier, to collect an indebtedness due and owing to The Firestone Stores from one Allen Bell, a resident of Birmingham, Jefferson County, Alabama. On or about September 30, 1968, the said attorney, Michael S. Sheier, collected from the said Allen Bell the sum of $137.29. The said attorney, Michael S. Sheier, has failed to pay over to his client the above described sum, or any part thereof, collected by him for and on behalf of his client.

"The Grievance Committee charge that in doing the above described acts the said attorney was guilty of violating or failing to comply with Rule 27, Section A, of the Rules Governing Conduct

of Attorneys in Alabama, said Rule providing:

" 'No person heretofore or hereafter admitted to practice law in Alabama shall:

" '27. Misappropriate the . funds of his client, either by failing to pay over money collected by him for his client, or by appropriating to his own use funds entrusted to his keeping, provided the circumstances attending the transaction are such as to satisfy the Board that the attorney acted in bad faith or with fraudulent purpose.' "

"CHARGE TWO

"(Violation of Rule 36, Section A)

"For Charge Two the Grievance Committee of the Birmingham Bar Association adopt all of the averments of the first paragraph of Charge One hereof, and it is further alleged:

"The Grievance Committee of the Birmingham Bar Association charge that in doing the said acts the said attorney, Michael S. Sheier, was guilty of violating or failing to comply with Rule 36, Section A, of the Rules Governing Conduct of Attorneys in Alabama, as last amended, said Rule providing:

" '36. No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law.' "

The Rules Governing the Conduct of Attorneys in Alabama are found in 239 Ala. XXIII, et seq. Amendments to the Rules are found in 272 Ala. XXI, XXII; 284 Ala. XVIII, et seq.; and, 287 Ala. XIX, XX.

It is undisputed that petitioner collected $137.29 for the client on September 30, 1968, but failed to remit this sum to the client for a considerable period of time, and until after the matter was brought to his attention by the Grievance Committee of the Birmingham Bar. Petitioner excuses his inaction by alluding to many personal tragedies during this period. He also testified he made out a check to the client for the amount of the funds due the client (which he testified was held in his trust account), but that the check was inadvertently filed by his secretary instead of being mailed as he had instructed her to do.

After reviewing all the material and competent testimony, the Board of Commissioners acquitted petitioner of all charges except Charge Two. Of Charge Two, the Board found petitioner to be guilty and suspended him from the practice of law for three months.

Petitioner seeks reversal of the Board's finding, pointing to the fact that the same acts which are made the basis of Charge Two are also alleged to be the basis of Charge One, of which he was acquitted. Thus, he argues, a failure to prove the acts which support Charge One is, likewise, a failure to prove the same acts which support Charge Two. He cites two of our recent disbarment cases as authority for his position: Ex parte Acton, 283 Ala. 121, 214 So.2d 685 (1968); and In re Carroll, 287 Ala. 29, 247 So.2d 350 (1971).

It is readily apparent that a resolution of the instant case turns on an interpretation of our holdings in these two cases.

In *Acton*, the petitioner was charged with failing to pay over to clients money which he had collected for them. This court, in reversing petitioner's disbarment, held that,

"Rule 27 does not make guilty of misconduct an attorney who merely fails to pay over money collected for his client. The concluding proviso of the rule makes bad faith or fraud on the part of the attorney a necessary element of the offense charged. * * * petitioner cannot be

found guilty of violating that rule unless the attending circumstances 'are such *as to satisfy the Board* that the attorney acted in bad faith or with fraudulent purpose.' "

In a quite candid comment in brief, the Board concedes that if the court, in *Acton,* " * * * held that an attorney who fails to pay over money collected for his client cannot be found guilty of a violation of *any* rule unless bad faith or fraudulent purpose are proved, then the Board's action in the instant case is perhaps subject to reversal."

The Board then contends, "If, on the other hand, the Court merely held that bad faith or fraud is a necessary element of the offense under Rule 27, but that an *unjustified* failure to pay over money collected for a client (although bad faith or fraud are absent), may constitute a less serious offense, i. e., conduct unbecoming an attorney in violation of Rule 36, then the Board's action in the instant case is not necessarily subject to reversal."

This court held in *Acton* that an attorney, who fails to pay money due a client, cannot be found guilty unless either bad faith or fraudulent purpose is proved. We do not believe it was the intention of this court, in approving Rule 36, to provide, under that Rule, for "a less serious offense" of "unjustified failure" to pay over a client's money (absent either bad faith or fraudulent purpose). For, if disbarment or suspension is ultimately adjudged to be the penalty, how could such a charge under Rule 36 be "a less serious offense" than a charge under Rule 27?

In the instant case it would seem apparent that the finding of not guilty of Charge One laid under Rule 27 was based, in part at least, on a lack of evidence of bad faith or fraudulent purpose on the part of petitioner. This finding of not guilty of Charge One, under the doctrine of *Acton,* would seem to compel a finding of not guilty of Charge Two for "conduct unbecoming an attorney at law."

In *Carroll,* this court reviewed a disciplinary proceeding in which an attorney was charged with submitting divorce cases to a court when he knew, or had reasonable cause to believe, that neither party was a bona fide resident of the State.

The pertinent portions of this court's opinion in *Carroll,* which are relevant to the instant case, are as follows:

"Charge 3 sets forth the facts constituting the defendant's alleged misconduct. These facts are characterized as a violation of Rule 25 of Section A.[1]

The same facts are adopted in charge 4, and there, they are characterized as a violation of Rule 36. The defendant was found not guilty under charge 3 and guilty under charge 4. A similar situation exists with respect to charge 10 and charge 11. Charge 10 under which the

---

1. Rule 25, Section A, provides:

"No person heretofore or hereafter admitted to practice law in Alabama shall

"(a) Knowingly or willfully make any false representations of fact to any judge, court, or jury to induce a favorable action or ruling by either;

"(b) file or prosecute or aid in the filing or prosecution of any suit, cross bill, or proceeding seeking a divorce in a court in Alabama as attorney or solicitor for a complainant or cross complainant therein or serve as referring or forwarding attorney for such complainant or cross complainant with knowledge or reasonable cause to believe that neither party to such suit, cross bill, or proceeding is at the time of the filing of the bill of complaint or cross bill of complaint therein, a bona fide resident of the State of Alabama;

"(c) while acting as attorney for either party in any suit for divorce in any court in Alabama represent to the court or conspire wth any party, attorney, or person to represent to the court that either party to such suit is a bona fide resident of Alabama, knowing such representation to be false." (272 Ala. XXI)

defendant was found not guilty alleges that he suppressed or stifled the testimony of Yolande Eschle in violation of Rule 12. Charge 11 adopts these same facts, but characterizes them as violating Rule 36,[2] prohibiting conduct unbecoming an attorney. The defendant contends that the finding of guilt presents an incompatible result, and that he should not have been found guilty of violating Rule 36 in either situation.

"In our opinion, where the facts, constituting the offense in two separate charges against an attorney, are alleged in the same language, and one charge characterizes these facts as a violation of Rule 25, while the other characterizes the same facts as a violation of Rule 36, a failure to prove the facts to support the first charge is likewise a failure to prove the facts to support the second charge. The same would be true with respect to charges 10 and 11. We think that a finding of not guilty in one instance, because of a lack of proof, works a similar finding in the second instance. It would be contradictory to say 'you have failed to prove the allegations, which you allege violate Rule 25 and Rule 12, but you have proved the same allegations where you allege them to violate Rule 36.' We view it as axiomatic that if there is a lack of necessary proof to meet the allegations in one instance, there is also a lack on the other instance. For the reasons stated, we find the defendant not guilty under charge 4 and charge 11." [Footnotes added]

The rationale of *Carroll* is clearly applicable to the case at bar. We held:

"* * * where the facts, constituting the offense in two separate charges against an attorney, are alleged in the same language, and one charge characterizes these facts as a violation of Rule 25, while the other characterizes the same facts as a violation of Rule 36, a failure to prove the facts to support the first charge is likewise a failure to prove the facts to support the second charge. * * *"

In deference to the Board of Commissioners, we should point out that our decision in *Carroll* was rendered five months after the Board's resolution in the instant case.

We offer no judgment as to whether a rule of conduct might be drafted so as to provide for an offense of "unjustified failure" to pay over monies belonging to a client, as is suggested in respondent's brief.

We are clear to the conclusion that the Board's finding of guilty under Charge Two should be reversed, and a judgment of not guilty thereunder, rendered. It is so ordered by the court.

Reversed and rendered.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.

---

2. Rule 36 provides:
"No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law." (239 Ala. XXI)