302 So.2d 856

**In re BOARD OF COMMISSIONERS OF the ALABAMA STATE BAR**

v.

**John D. TARVER.**

**In the Matter of John D. TARVER, an Attorney.**

**SC 677.**

Supreme Court of Alabama.

Nov. 7, 1974.

John D. Tarver, pro se.

**344**

William H. Morrow, Jr., Gen. Counsel, Ala. State Bar, Montgomery, for respondent.

PER CURIAM.

This is a petition for review of a resolution of the Board of Commissioners of the Alabama State Bar finding John D. Tarver, an attorney, guilty of three of the four charges that had been filed against him by the Huntsville-Madison County Bar Association. Petitioner was suspended for one year without automatic reinstatement but with the right to apply for reinstatement after the end of one year.

Following are the four charges filed against Mr. Tarver:

### "CHARGE I

(Violation of Rule 33, Section A)

"On, to-wit: July 11, 1972, the said attorney issued his check drawn on the American National Bank, Huntsville, Alabama, John D. Tarver, Attorney at Law Trust Account, in the sum of $1048.25 and payable to the Clerk of the Morgan County Circuit Court for the payment of a fine and court costs for his client in the case of Alabama vs. Ronald Register, No. CR 71–332 knowing at the time that there were not sufficient funds in his account for the payment of the check.

"The Grievance Committee charge that in doing the above described acts the said attorney was guilty of violating or failing to comply with Rule 33, Section A, Rules Governing the Conduct of Attorneys in Alabama, as amended, said Rule providing:

'No person heretofore or hereafter admitted to practice law in Alabama shall:

'33. Be guilty of any deceit or wilful misconduct in his profession.'

## "CHARGE II

(Violation of Rule 34, Section A)

"On to-wit: July 11, 1972, the said Attorney, with intent to defraud, issued his check drawn on the American National Bank, Huntsville, Alabama, John D. Tarver, Attorney at Law, Trust Account, in the sum of $1048.25 and payable to the Clerk of the Morgan County Circuit Court for the payment of a fine and court costs for his client in the case of State vs. Ronald Register, No. CR 71–332, knowing at the time of the issuing of such check that he did not have sufficient funds on deposit in or credit with the American National Bank for the payment in full of such check.

"The Grievance Committee charge that in doing the above described acts the said attorney was guilty of violating or failing to comply with Rule 34, Section A, Rules Governing the Conduct of Attorneys in Alabama, as amended, said Rule providing:

'No person heretofore or hereafter admitted to practice law in Alabama shall:

'34. Do any act which, by the law of Alabama, constitutes a felony (other than manslaughter) or a misdemeanor involving moral turpitude.'

## "CHARGE III

(Violation of Rule 36, Section A)

"On, to-wit: July 11, 1972, the said attorney issued his check drawn on the American National Bank, Huntsville, Alabama, John D. Tarver, Attorney at Law, Trust Account, in the sum of $1048.25 and payable to the Clerk of the Morgan County Circuit Court for the payment of a fine and court costs for his client in the case of State of Alabama vs. Ronald Register, No. CR 71–332. The said check was deposited by the payee on, to-wit: July 11, 1972, and returned shortly thereafter with the notation 'Account Closed.' The said attorney failed within a reasonable time to make the check good after being advised that it had been returned to the payee because the account was closed.

"The Grievance Committee charge that in doing the above described acts the said attorney was guilty of violating or failing to comply with Rule 36, Section A, Rules Governing the Conduct of Attorneys in Alabama, as amended, said Rule providing:

'No person licensed to practice law in the courts of the State of Alabama shall be guilty of any conduct unbecoming an attorney at law.'

## "CHARGE IV

(Violation of Rule 36, Section A)

"On to-wit: July 11, 1972, the said attorney issued a check drawn on the American National Bank, Huntsville, Alabama, John D. Tarver, Attorney at Law, Trust Account, in the sum of $1048.25 and payable to the Clerk of the Morgan County Circuit Court for the payment of a fine and court costs for his client in the case of State of Alabama vs. Ronald Register, No. CR 71–332. The said check was deposited by the payee on to-wit: July 11, 1972 and returned shortly thereafter with the notation 'Account Closed.' The said attorney was notified that the check had been returned to the payee with the notation 'Account Closed.' The said attorney failed to make the check good until after the entry of a judgment dated August 24, 1972, by the Honorable R. L. Hundley, Circuit Judge, In the Matter of John Tarver, Attorney, in the Circuit Court of Morgan Count, Alabama, case No. 57, wherein the Court held the said attorney in contempt of Court, fined the said attorney $50.00 and costs of the proceedings, entered a civil judgment in the sum of $1048.00 against the said attorney and in favor of the Clerk of the Morgan County Circuit Court, and ordered that the said attorney be committed to the custody of the Sheriff until such time as he purged himself of contempt by the payment of the fine, costs, and satisfaction of the civil judgment.

"The Grievance Committee charge that in doing the above described acts the attorney was guilty of violating or failing to comply with Rule 36, Section A, Rules Governing the Conduct of Attorneys in Alabama, as amended, said Rule having been hereinabove set forth under Charge III hereof."

As stated above, petitioner was found guilty of three of the charges. Charge II was the only charge of which petitioner was found not guilty. These charges grew out of Mr. Tarver's actions in representing certain clients charged with the possession of marijuana and LSD. Without detailing the problems of Mr. Tarver's clients, it appears that Mr. Tarver negotiated a settlement with the District Attorney whereby one of the clients, Ronald Register, would plead guilty and have a fine assessed against him, and the charges against the second client would be nolle prossed.

This plan was carried into effect with the approval of the Circuit Court on July 11, 1972, when Mr. Tarver gave a check in the amount of $1048.25 to the Circuit Clerk for the payment of the fine and court costs in the Register case. This check was drawn on petitioner's Trust Account in the American National Bank of Huntsville, Alabama. The check was subsequently returned to the Circuit Clerk marked "Account Closed," due to the fact there was a zero balance and the account had not been used for some months. Petitioner, himself admits that he knew that there were insufficient funds on deposit in the account at the time he gave the check.

Petitioner insists, however, that he had an agreement with his clients that they were to make sufficient funds available. Despite this fact, no official of the Circuit Court was informed of any such contingency concerning the check or that there was not sufficient funds in the account to cover the amount of the check. Mr. Tarver did, however, state to the Court that the fine would be paid that day.

There is some confusion as to exactly what kind of understanding Mr. Tarver had with the Circuit Clerk after being informed that the check had been returned. Suffice it to say, however, that Mr. Tarver took no positive action to pay the check, as far as the Circuit Court was concerned, until after he was held in contempt of Court on August 24, 1972.

Petitioner's first assignment of error is that the Board of Commissioners erred in not sustaining his demurrer to the charges against him. The only ground for such demurrer which is relevant to the petition is as follows:

"4. For that the complaint fails to allege facts which constitute an act which is a felony or misdemeanor involving moral turpitude."

This ground of demurrer must be deemed applicable only to Charge II, since only that charge alleges that petitioner was guilty of doing an act constituting a felony or a misdemeanor. It must be remembered, however, that petitioner was found not guilty of this Charge II.

Even if petitioner had been found guilty of Charge II, we do not believe that the Board of Commissioners erred in not sustaining petitioner's demurrer to this count. It is contended by petitioner that due process demands that a demurrer be sustained when the allegations are insufficient to state a charge. Petitioner relies on In re Sullivan, 283 Ala. 514, 219 So.2d 346, 357, and In re McKay, 280 Ala. 174, 191 So.2d 1. In In re Sullivan, supra, however, it was stated:

"As we stated in In re McKay, 280 Ala. 174, 191 So.2d 1:

'An attorney must be accorded due process in disbarment and disciplinary proceedings, and the requirements of due process are met when the attorney is served with charges or specifications reasonably informing him of the charges against him and the attorney is thereaf-

ter accorded a hearing with an opportunity to defend. See 7 Am.Jur., supra, Sec. 64.

'The above requirements of due process being met, formal and technical pleadings are not essential, nor do they have any place in a disbarment proceeding. In re Fite, 228 Ala. 4, 152 So. 246; McCord v. State, 220 Ala. 466, 126 So. 873; Ex parte Thompson, 228 Ala. 113, 152 So. 229, 107 A.L.R. 671; Ex parte Grace, 244 Ala. 267, 13 So.2d 178' ".

The record indicates that the above requirements of due process were adequately met. As respondent points out, the language of Charge II follows the language of Title 14, Section 234 (12), Code of Alabama 1940. The language of that section of the code reads as follows:

"It shall be unlawful for any person to draw a check, or to cause or direct the drawing of a check, *with intent to defraud,* on any depository *knowing at the time of the drawing of such check* that the maker, drawer, or payer thereof does not have sufficient funds on deposit in or enough credit with the depository for the payment in full of such check and all other checks upon such funds or credit then outstanding * * *" (Emphasis added.)

The pertinent portions of Charge II reads as follows:

"On to-wit: July 11, 1972, the said Attorney, *with intent to defraud,* issued his check * * * *knowing at the time of the issuing of such check* that he did not have sufficient funds on deposit in or credit with the American National Bank for the payment in full of such check." (Emphasis added.)

■ It can be seen from the foregoing that petitioner was served with reasonable notice of the charge against him. Disciplinary proceedings such as there are neither civil or criminal. In re McKay, supra. But even in criminal proceedings the general rule is that indictments and complaints substantially following the language of the statute are ordinarily sufficient. Hochman v. State, 265 Ala. 1, 91 So.2d 500; Duin v. State, 288 Ala. 329, 260 So.2d 602.

Petitioner's second assignment of error states that petitioner was denied due process of law in that he was not allowed sufficient time in which to prepare his defense. This assignment of error is without merit. Petitioner admits that he received notice of the November 16, 1973, hearing on November 10, 1973. This notice was received six days prior to the hearing and was therefore within the requirements of Rule 13, Section B, of the Amended Rules Governing the Conduct of Attorneys in Alabama which provides:

"The Secretary shall give notice of the date so fixed to the accused attorney and to the Proctor of the Alabama State Bar by registered mail, which notice shall be given at least five (5) days prior to the date so fixed."

■ The essence of petitioner's remaining assignments of error is that action of the Board resulted in a more stringent discipline than his actions warranted. Since petitioner was found guilty of deceit or wilful misconduct, (Rule 33, § A), there is no reason why he could not also be found guilty of conduct unbecoming an attorney at law, (Rule 36, § A), as charged in Counts I, III, and IV. Ex parte Newton, 265 Ala. 650, 93 So.2d 164; Tarver v. Board of Com'rs of Alabama State Bar, 290 Ala. 87, 274 So.2d 61.

This is not like the situation presented in In re Carroll, 287 Ala. 29, 247 So.2d 350. If the petitioner in this case had also been acquitted of Charge I (deceit or wilful misconduct), our ruling in the *Carroll* case, supra, would compel a finding of not guilty under the charges alleging conduct unbecoming an attorney at law. In that case we held that an attorney's disbarment could not be supported under the charge of conduct unbecoming an attorney when there had been an acquittal of the specific

charge, and the misconduct charge was based on the same facts. In this case, although all the charges were based essentially on the same facts, the finding of guilt under the specific charge of deceit or wilful misconduct is sufficient to support the findings of guilt under the charges of conduct unbecoming an attorney at law.

After reviewing the record of this case, we are convinced that the petitioner was afforded all the elements of due process that are required in a disciplinary proceeding of this nature. We also believe that there is ample evidence to support the findings of the Board of Commissioners and the sentence imposed.

Rule 22, § B, of the Amended Rules Governing the Conduct of Attorneys in Alabama, reads:

"The rules of evidence and the degree of proof applicable to civil cases shall apply in all cases before the Board."

After reading this record, we think that this burden of proof was fully met.

Affirmed.

All Justices concur.