PER CURIAM.
Jonathan Eric Lyerly appeals from an order of the Disciplinary Board of the Alabama State Bar finding him guilty of knowingly failing to respond to a lawful demand of the State Bar Disciplinary Board for information, in violation of Rule 8.1(b), Alabama Rules of Professional Conduct. We reverse and render a judgment for Lyerly.
The original complaint in this lawyer discipline case was made against Lyerly, a lawyer practicing in Birmingham, by two of his clients. Their complaint basically related to a fee dispute. Although the State Bar dismissed the charges filed by the clients, because of a failure to offer proof, the State Bar proceeded to prosecute Lyerly on the grounds that he had failed to cooperate with the Bar’s investigation.
At the Disciplinary Board’s hearing on the matter, in December 1997, counsel for the Bar announced that he did not intend to offer any evidence on the client complaint upon which the charges against the attorney had been based. He announced that he would, instead, proceed solely on the State Bar’s charge alleging the violation of Rule 8.1(b), Ala. R. Prof. Conduct. As the hearing progressed, it became clear that the State Bar was prosecuting Lyerly for knowingly failing to send a response to a letter from the Bar, even though General Counsel Robert W. Norris had sent a letter to Lyerly in which he acknowledged having received a response from Lyerly.
The only testimony offered by the Bar came from Peggy Garrett, a paralegal in the office of the State Bar’s general counsel. She testified that she sent a certified letter to Lyerly on May 17, 1995, but that she never received a response to this letter. Lyerl/s alleged failure to respond to the complaint is the basis of the State Bar’s charge. However, Lyerly received a letter from General Counsel'Norris, dated June 16, 1995, which begins: “This will acknowledge receipt of and thank you for your response concerning the above complaint.” Peggy Garrett testified that this statement in the letter from the general counsel was false. She testified that, despite the acknowledgment by General Counsel Norris, no response had actually been received. She described the letter from General Counsel Norris acknowledging receipt of Lyerl/s response to the complaint as a form letter, and, although she testified that the State Bar received no response from Lyerly, she also testified that the file had been sent to the Birmingham Bar Association and that she did not have custody of it.
Lyerly testified that he was unable to locate a copy of his response, but he said, “I remember dictating it, seeing it, signing it, and telling my secretary to mail it.” Peggy Garrett testified that Lyerly telephoned the State Bar in response to General Counsel Norris’s letter and spoke with her because, she said, he was upset that a file had been opened in the matter. She further testified that, because Lyerly was upset, she transferred his call to General Counsel Norris.
The record reflects that the State Bar then turned over the complaint to Leslie Barineau of the Birmingham Bar Association’s Grievance Committee. The State Bar introduced Ms. Barineau’s affidavit into evidence against Lyerly. While stating “I have never received a written response from Mr. Lyerly,” Ms. Barineau also acknowledged that “[o]n November 1, 1995, Mr. Lyerly faxed me a copy of his billing statements ... and requested additional time to locate the file.”
*960 The question before us is whether the State Bar met its burden of proof imposed by Rule 19(a), Alabama Rules of Disciplinary Procedure, and established that Lyerly “knowingly fail[ed] to respond to a lawful demand for information,” Rule 8.1(b) Ala. R. Prof. Conduct. This Court has said:
“Guilt must be proven by a preponderance of the evidence. It cannot be established by testimony of doubtful character [and ‘when] the evidence leaves the fact in a state of doubt and uncertainty, it cannot be regarded as established’. In re Carroll, [287 Ala. 29, 36, 247 So.2d 350, 355 (1971) ].”
Dodd v. Board of Comm’rs of the Alabama State Bar, 350 So.2d 700, 705 (Ala.1977). See also Ex parte Acton, 283 Ala. 121, 125, 214 So.2d 685, 688 (1968).
After reviewing the complete record, we are convinced that the State Bar failed to establish by clear and convincing evidence that Lyerly violated Rule 8.1(b). General Counsel Norris’s letter acknowledges receipt of a response from Lyerly and was a statement to Lyerly indicating that he had made a sufficient and proper response to the Bar’s complaint. Surely, Norris, the State Bar’s own general counsel, would not, in a disciplinary proceeding, write a letter containing a material falsehood. The State Bar failed to carry the burden placed on it by the Rules of Disciplinary Procedure. Therefore, its order is reversed and a judgment is rendered for Lyerly.
REVERSED AND JUDGMENT RENDERED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, SEE, and LYONS, JJ., concur.